■ In the Matter of ZARA CONTRACTING Co., INC., Appellant, v. HENRY A. COHEN, as Director of the Bureau of Contracts of the New York State Department of Public Works, et al., Respondents.— *Per Curiam.* Appeal from an order and a judgment dismissing the petition and denying the application for an order requiring the respondents to award a contract to the petitioner as the lowest responsible bidder. The petitioner was the lowest bidder. However, the petitioner was under indictment for grand larceny in the alleged theft of property from the State of New York in the course of the performance of a contract made with petitioner through the Department of Public Works. (See *Zara Contr. Co.* v. *State of New York*, 22 A D 2d 415.) The investigation which brought about the indictment was initiated by the Attorney-General at the written request of the respondent Superintendent of Public Works. In respect of the bid involved in this case, the Superintendent advised the petitioner by letter that it was not " deemed to be ' the lowest responsible bidder, as will best promote the public interest ' ". We agree with Special Term that the Superintendent was not arbitrary in concluding that an award to the appellant would not best promote the public interest. While an indictment is

merely a charge and the petitioner is presumed to be innocent, the Legislature has established the criterion for the Superintendent's guidance. To warrant his action it was not necessary that he assume that the petitioner was guilty. In addition to alleged arbitrariness which, as noted, presents no problem, the petitioner raises the issue that the Superintendent's rejection was "an act of indiscretion on the part of the Attorney General's office and not an act of discretion on the part of the Department of Public Works." The Attorney-General in a letter to the respondent Director of the Bureau of Contracts of the Department of Public Works stated: "It appears to us that the facts contained therein [the indictment], based upon facts presented to the Grand Jury by this office, * * * in our opinion would disqualify Zara as a bidder until the disposition of the indictment." It is apparent to us, though contrary to petitioner's contention, that the Superintendent did not adopt the Attorney-General's opinion that the petitioner was disqualified by reason of indictment but rather that under the circumstances it was deemed, as stated in the Superintendent's letter, not to be the lowest responsible bidder as would best promote the public interest. This conclusion is strengthened by the subsquent affidavit of the Superintendent, in which he stated that he "weighed all the facts and circumstances and concluded that at that particular time when the petitioner was under indictment for Grand Larceny * * * related to a state highway construction contract" he could not "deem that the award to it would 'best promote the public interest'". To adopt the petitioner's view would require us to hold that the Superintendent's letter is an apodictical refutation of his affidavit that he "weighed all the facts and circumstances" and, indeed, that his statement that he did so is not the fact. In this proceeding in the nature of mandamus we think the claimant has failed to establish, as he must, to succeed, a clear legal right to mandatory judgment. Order and judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur. [45 Misc 2d 497.]