■ In the Matter of ANTHONY J. MERCORELLA, Respondent, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents, and MICHAEL A. GENTILE, Appellant.— Judgment, Supreme Court, Bronx County, entered on May 15, 1973, unanimously affirmed, without costs and without disbursements. No opinion. Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

■ In the Matter of HULBERT H. JAMES, Appellant, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents. In the Matter of NANCY E. BROWN, Respondent, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment, Supreme Court, New York County, entered on May 10, 1973, unanimously affirmed, without costs and without disbursements. No opinion. Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

■ In the Matter of LLOYD MERRILL, Appellant, v. DAVID DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment, Supreme Court, New York County, entered on May 11, 1973, denying an application for an order declaring valid the petition designating Lloyd Merrill as a candidate for the public office of District Attorney, New York County, unanimously affirmed, without costs and without disbursements. While fraud cannot be personally imputed to the petitioner-appellant Lloyd Merrill, we affirm on the basis of lack of sufficient validly subscribed signatures. Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

## (May 22, 1973)

■ ALBERT STORY, an Infant, by OLGA STORY, His Mother and Natural Guardian, et al., Appellants, v. ROBERT L. HOWES, JR., Respondent.— Judgment, Supreme Court, New York County entered on December 26, 1972, unanimously reversed, on the law, and vacated, and a new trial directed, with $60 costs and disbursements of this appeal to abide the event. The plaintiff, aged 11 at the time, sustained injuries as he rode his bicycle north on Broadway in Manhattan, when the rear wheel of his bicycle was struck by the defendant's car coming from the intersection at 120th Street and Broadway. The jury having found for the defendant, the only question is as to certain aspects of the charge. While there may have been some errors, not likely to recur, that portion of the charge, that allowed the jury to consider the question of assumption of risk, was erroneous. The mere riding of a bicycle does not mean the assumption of risk by the rider that he may be hit by a car. (Cf. *Bloom* v. *Dalu Corp.*, 269 App. Div. 192.) Concur — Nunez, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.

■ In the Matter of MANSFIELD CONTRACTING CORPORATION, Appellant, v. JOHN V. LINDSAY et al., Individually and Constituting the Board of Estimate of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on February 22, 1973, dismissing the petition in this article 78 proceeding in the nature of mandamus and vacating the preliminary injunction, unanimously affirmed, without costs and without disbursements.

In affirming, we have noted the opinion on a related matter of Judge Whitman Knapp in the U. S. Court for the Southern District of New York. (See N. Y. L. J., May 4, 1973, p. 5, col. 5.) It would seem that to relegate the petitioner-appellant to an action at law is injurious to the taxpayers in that the city does not receive the benefit of the lowest bid and may, in addition, be held in damages. However, we seem foreclosed by the decision in *People ex rel. Lunney* v. *Campbell* (72 N. Y. 496). (See, also, *Lynch* v. *Mayor,* 2 App. Div. 213; *Beckwith* v. *City of New York,* 121 App. Div. 462.) Concur — Markewich, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.