In the Matter of LOVISA CONSTRUCTION CO., INC., Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents.

Third Department, December 31, 1980

### APPEARANCES OF COUNSEL

*Baskin & Sears (Thomas S. Finegan* and *Gary M. Axenfeld* of counsel), for appellant.

*Robert Abrams, Attorney-General (Richard J. Dorsey, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for New York State Department of Transportation, respondent.

*Goetz & Fitzpatrick, P.C. (Mario A. Fristachi* of counsel), for Ferran Concrete Co., Inc., respondent.

### OPINION OF THE COURT

MAIN, J.

In January of 1980, the New York State Department of

Transportation (hereinafter DOT) publicly invited bids for the construction of a commuter parking garage and pedestrian bridge in Huntington Station on Long Island, and 18 bidders subsequently responded. Of these bids, the lowest was submitted by respondent Ferran Concrete Company, Inc. (hereinafter Ferran) in the amount of $2,559,265 while the second lowest was submitted by petitioner in the amount of $2,679,838. Ultimately, DOT awarded the contract to Ferran as the lowest responsible bidder, and petitioner thereupon commenced the instant proceeding to challenge DOT's action on the ground that Ferran's bid should not have been accepted because it did not comply with the bid specifications. Special Term dismissed petitioner's application, and the instant appeal ensued.

We hold that the judgment of Special Term should be affirmed. In so ruling, we would initially emphasize that the purpose of competitive bidding is to benefit and protect the public by ensuring that contracts will be awarded "to the lowest responsible bidder, as will best promote the public interest" (Highway Law, § 38, subd 3; *Matter of Zara Contr. Co. v Cohen*, 45 Misc 2d 497, affd 23 AD2d 718, mot for lv to app den 16 NY2d 482) and that DOT has discretionary power in awarding contracts so that it can waive minor informalities or mere irregularities in submitted bids *(Le Cesse Bros. Contr. v Town Bd. of Town of Williamson*, 62 AD2d 28, affd 46 NY2d 960; Standard Specifications of the Department of Transportation, § 103-01). Moreover, courts will not interfere with the award of a contract by DOT when the department's action has a rational basis and is neither arbitrary nor capricious *(Matter of Zara Contr. Co. v Cohen, supra; Matter of Bielec Wrecking & Lbr. Co. of Syracuse v McMorran*, 21 AD2d 949).

Applying these settled principles to the case at hand, we hold that DOT properly awarded the contract to Ferran. Petitioner bases its claim for relief upon Ferran's failure to include in its bid a figure for the mobilization costs of the contract, i.e., expenditures for on-site facilities, including offices and sanitary installations needed in the construction work. However, an examination of Ferran's bid as contained in the record reveals that Ferran entered its gross bid figure immediately above the space provided for the mobilization

costs, which was left blank, and again immediately below the space for mobilization costs, thereby clearly indicating that it had no expectation of and made no claim for additional compensation for mobilization costs. Furthermore, it appears that eight of the other bidders on the project also failed to include an amount for mobilization costs in their bids and that, as a general practice, such costs are often deemed to be spread through the main body of a bid and do not appear as a separate item. Additionally, even if the maximum amount allowable for mobilization costs were added to Ferran's bid, it would still be substantially lower than the bid submitted by petitioner. Under these circumstances, DOT could properly conclude that the omission in Ferran's bid of a specific figure for mobilization costs constituted a mere irregularity that was insignificant, and the award of the contract to Ferran plainly has a rational basis. Accordingly, the challenged action of DOT should not be disturbed.

The judgment should be affirmed, with one bill of costs to respondents.

MAHONEY, P. J., GREENBLOTT, MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, with one bill of costs to respondents.