■ In the Matter of HENRIK A. LAUVAS, Petitioner, v TOWN OF BOVINA et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Town Board of the Town of Bovina which awarded the contract for the operation of its refuse collection station to respondent Anderson. When the Department of Environmental Conservation threatened punitive action because of the unsightly and unsanitary condition of its refuse collection station unless remedial steps were undertaken immediately, the Town Board of the Town of Bovina canceled its existing contract for the management of the station and, pursuant to section 103 of the General Municipal Law, advertised for bids for a new station contract. Three bids were submitted, and at a meeting of the board on June 10, 1980, the contract was awarded to respondent Anderson who was the high bidder. Petitioner, concededly the lowest bidder, commenced an article 78 proceeding to review that determination and Special Term remanded the matter to the town board "to permit that body to factually record the basis for its rejection of petitioner's bid" and further provided that "petitioner should be afforded the opportunity to factually develop his status as a responsible bidder". Special Term further specifically stated the issue to be the nature of "petitioner's responsibility in fulfilling the terms of the contract and *not* whether the board deems respondent Anderson more qualified in that regard". In spite of this clear direction, the board found that petitioner was not the "most responsible bidder" and then confirmed the award of the contract to respondent Anderson. Petitioner then commenced this proceeding contending that the board's decision was not supported by substantial evidence. Since this contract is concededly one embraced by section 103 of the General Municipal Law, the contract must be awarded to the lowest responsible bidder (Town Law, § 122). The purpose of the law is to guard against favoritism, improvidence, extravagance, fraud and

corruption (*Jered Constr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 193). Toward that end "[t]he requirement of competitive bidding in the letting of municipal contracts is uniformly construed as mandatory and jurisdictional and failure to abide by the statute renders a public works contract void and unenforceable" (*Elia Bldg. Co. v New York State Urban Dev. Corp.*, 54 AD2d 337, 344). While it is true that the law requires, and Special Term, in the first instance, directed that the board decide whether petitioner was a responsible bidder and it did not do so directly, we nonetheless conclude that its decision should be confirmed. Though standing alone, the decision, inartfully composed, appears to be unresponsive to the direction of Special Term; when read in conjunction with the record it does conclude that petitioner was not a responsible bidder. The record discloses that approximately two weeks prior to the submission of bids, petitioner contracted with Capasso, the former contract holder for the refuse station, to collect refuse in a nearby area and that petitioner was associated to some degree with Capasso and had purchased some of his equipment, the adaptability and suitability of which were subject to question in relation to the subject contract. A determination as to whether one is responsible involves consideration of several factors (see *Matter of Long Is. Signal Corp. v County of Nassau*, 51 Misc 2d 320) and one of those factors is reliability (*Kings Bay Buses v Aiello*, 100 Misc 2d 1). We conclude that petitioner's connection with Capasso, in light of the board's previous unsatisfactory experience with him, and the potential use of unsatisfactory equipment by petitioner were such as to provoke justifiable doubt as to petitioner's responsibility and dependability and provide a rational basis for the board's rejection of his bid so that its decision was neither arbitrary nor capricious. Determination confirmed, and petition dismissed, with one bill of costs to respondents. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.