■ In the Matter of PATRICK R. BRERETON & ASSOCIATES, INC., Doing Business as CONTRACT PLUS, et al., Respondents-Appellants, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Appellants-Respondents. — Cross appeals from a resettled judgment of the Supreme Court at Special Term (Pennock, J.), entered October 8, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct a rebidding of a certain purchase contract. The principal issue of this appeal is whether the Office of General Services (OGS) arbitrarily and capriciously rejected the low bids of petitioner on a contract to supply two lots of furniture and awarded the contract to respondent Temple-Stuart Company (Temple-Stuart), in violation of the public bidding requirements of section 174 of the State Finance Law. In the spring of 1981, OGS issued a bid proposal for wood furniture to be used by the Office of Mental Retardation and Developmental Disabilities for its community residences. The proposal divided the items and furniture into two lots, one for dining room tables and cabinets, the other for dining room chairs. In lieu of detailed specifications regarding the size, quality, style and design for each of the items for which bids were solicited, the bid proposal gave some general dimensions and quality requirements and then referred to specifically identified manufacturers' models of such items for comparison purposes. Several specific models manufactured by Temple-Stuart were among those used as referenced items in the bid proposal. The proposal also set forth required qualifications of any prospective bidder, including that it have a factory "devoted to the manufacture of the furniture it proposes to furnish". Petitioner Patrick R. Brereton & Associates, Inc., a furniture manufacturers' representative, submitted several bids for each lot of furniture on behalf of its client companies. Temple-Stuart also bid on each lot. In each instance, bids of petitioner were lower than those of Temple-Stuart. As to the first lot, OGS rejected petitioner's bids and awarded the contract to Temple-Stuart. This was based upon inspection by OGS' quality control personnel of samples of the articles in petitioner's bids and a determination that they did not meet specifications as to workmanship, thickness of certain components, general appearance and durability. This was spelled out in detail in written memoranda of OGS' evaluations. With respect to the second lot of furniture items, petitioner's low bid, purportedly made on behalf of Ralph Curcio Co., Inc. (Curcio) was accepted by OGS. However, OGS subsequently received a written objection to the letting of that contract, on the ground that Curcio was not in fact a manufacturer of the bid items and had no factory capacity to make them. OGS solicited a response from petitioner as to this objection and received a reply in which petitioner stated that the items were to be manufactured by Curcio and L. & Z. Kamman Co., Inc. OGS then wired petitioner demanding to know specifically which of the items in the contract were to be actually manufactured by Curcio, to which petitioner responded by wiring "NONE". OGS thereupon terminated the contract and awarded it to Temple-Stuart. Petitioner then brought the instant article 78 proceeding. Special Term agreed with petitioner's objections, annulled the award of the contract to Temple-Stuart and directed that the proposals involved be rebid. This appeal ensued. Upon our review of the record, we conclude that Special

Term erred in annulling the award of both parts of the contract to Temple-Stuart. The burden was on petitioner to plead and prove that the rejection of petitioner's low bids lacked a rational basis or was in violation of section 174 of the State Finance Law (*Matter of Lovisa Constr. Co. v New York State Dept. of Transp.,* 78 AD2d 159, 160; *Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373, 379). The mandate of section 174 of the State Finance Law is that a contract must be awarded to the "lowest responsible bidder". The statute further sets forth criteria for that determination in terms of the reliability of the bidder, the quality of the article he proposes to supply and the conformity of the article to specifications. Regarding the items in petitioner's low bids for the first lot in the bid proposals, the written evaluations by OGS clearly show that petitioner's bids were rejected because of inferior quality and a failure to conform to the specifications. Thus, on their face, the evaluations set forth a basis in reason for rejecting petitioner's bids in conformity with the statutory criteria of section 174. Petitioner's conclusory allegations, accepted by Special Term, that the items in petitioner's bid were compared against only the Temple-Stuart referenced items and not the other referenced items contained in the bid proposal, are insufficient to rebut the reasons for rejection contained in the evaluations. Counsel for petitioner conceded on oral argument that this assertion was based solely on the wording of the evaluations and not on any additional factual information. A reading of the written evaluations does not support petitioner's position. Repeatedly, the evaluations compare the items in petitioner's bids to the "referenced *lines*" or "referenced *items*", in the plural, and not merely to the comparable Temple-Stuart item. Moreover, the evaluations specifically describe the shortcomings of the items in petitioner's bids in terms of dimensions and quality of workmanship and design. Thus, the rational basis for this determination remained unshaken. Regarding the second lot in the bid proposals, we similarly find no basis for annulling the determination by OGS to terminate the award to petitioner and to let the contract to Temple-Stuart, the next lowest bidder. The bid proposal specifically required that the bidder must have the manufacturing capacity to make the furniture covered by the proposal. As petitioner conceded in its final telegram, Curcio, on whose behalf the bid was submitted, could not and would not manufacture any of those items. Petitioner's bid itself thus misstated Curcio's role as manufacturer. Petitioner's reply to the first specific inquiry by OGS even more clearly misrepresented the facts in stating that the items would be manufactured by both Curcio and the Kamman Company. Thus, petitioner's bid on behalf of Curcio was not in conformity with the requirements of the bid proposal as to the manufacturing qualifications of the bidder. Moreover, OGS could rationally have determined that petitioner's misrepresentations affected its reliability as a bidder, a basis repeatedly sustained for rejection of a low bid (see *Matter of Lauvas v Town of Bovina,* 86 AD2d 694; *Matter of Konski Engrs. v Levitt,* 69 AD2d 940, 942, affd 49 NY2d 850, cert den 449 US 840; *Matter of Kaelber v Sahm,* 281 App Div 980, affd 305 NY 858). On the basis of the foregoing, Special Term's annulment of the Temple-Stuart contract and direction that the proposals be rebid must be reversed, and the contracts reinstated. Judgment reversed, on the law and the facts, petition dismissed, and contract between the State of New York and respondent Temple-Stuart reinstated, with costs to respondents. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.