OPINION OF THE COURT
Harold Tomprins, J.
Petitioner commenced this CPLR article 78 proceeding seeking an order prohibiting respondents Robert M. Litke (Litke), Commissioner of the Department of General Services, and Lawrence Yermack (Yermack), First Deputy Commissioner of the Department of Transportation, from taking any action on their purported rescission of contracts awarded to petitioner. Petitioner also attacks a Board of Responsibility determination that petitioner is not a “responsible” bidder and requests that the court declare valid the contracts awarded to petitioner.
On April 7, 1983, it was announced that petitioner Lord Electric Company (Lord) was the low bidder on two contracts for the maintenance of street lighting equipment in *113 Brooklyn and Queens. The Department of General Services notified Lord on May 9, 1983 of the award of these contracts. Lord was to commence service under the contracts on July 1, 1983.
On June 6,1983, Lord was notified by the Department of Transportation of the award of a Staten Island computerization contract.
By letter dated June 22, 1983, Litke on behalf of the Department of General Services notified Lord that the awards of street lighting contracts had been rescinded. Litke based the rescission upon a Federal Grand Jury indictment of Lord and some of its executives on bid rigging charges in Seattle, Washington. The purported rescission letter also notified Lord that the Department of General Services Board of Responsibility would convene to determine Lord’s “responsibility” to receive the street lighting contracts.
After a hearing in which Lord, through its representatives, refused to answer any questions concerning the indictment, the Board of Responsibility unanimously found Lord to be not responsible to receive the award of the street lighting contracts. Based upon this determination Yermack on behalf of the Department of Transportation notified Lord that the Staten Island computer contract was also being rescinded.
Lord contends that Litke and Yermack had no jurisdiction to rescind contracts already awarded and further that the Board of Responsibility acted in excess of its jurisdiction in convening to determine responsibility after an award had already been made. Petitioner also alleges that the finding of no responsibility being based solely upon the indictment was an error of law, and without a rational basis.
Respondents assert that the rescissions of the awards were within the jurisdiction of the Departments of General Services and Transportation. They argue that the Board of Responsibility, being charged with the responsibility of maintaining the integrity of the public contracting process, had the authority to convene any time up to registration and certification of a contract with the comptroller’s office.
*114 Respondent also contends that the remedy of prohibition does not lie since the action complained of has already taken place and prohibition is not available to review action but only to prevent it.
Petitioner challenges two aspects of the Board of Responsibility action on the Department of General Services contracts. First it contends that the board was without authority to pass upon their responsibility after the contract had been awarded.
There is a well-established body of case law holding that upon award of a public contract a binding contract between the bidder and the awarding agency is established (Lynch v Mayor, 2 App Div 213; Beckwith v City of New York, 121 App Div 462; Mansfield Contr. Corp. v Lindsay, NYLJ, Feb. 21, 1973, p 19, col 6, affd 41 AD2d 925). Thus, it has been held that the fact that the contract has not been executed or that the comptroller has not registered the contract would not be fatal to the formation of a contract (Beckwith v City of New York, supra).
However, the bidder’s remedy is not to compel the awarding agency to execute or perform the contract awarded. Mandamus does not lie to compel a municipality to perform a contract. (Mansfield Contr. Corp. v Lindsay, NYLJ, Feb. 21, 1973, p 19, col 6, affd 41 AD2d 925.) The bidder has a remedy at law for breach of the contract. (Ann., 3 ALR3d 864, 872; Simpson and Duesenberg, 6 Encyclopedia of NY Law, Contracts, § 210, p 44.)
The formation of a contract does not preclude the awarding agency from convening a Board of Responsibility to determine whether the agency should perform the contract. Although the responsibility of a bidder should be determined prior to the award of a contract, the awarding agency is not without authority to convene a board after the award where, as here, certain facts have come to light after award of the contract which may directly affect the bidder’s responsibility. Thus, respondent Litke had the authority to convene a Board of Responsibility to inquire as to the responsibility of petitioner in light of the indictment. This finding is entirely consistent with the broad mandate given to Boards of Responsibility to protect the public interest and the integrity of the bidding process. The *115 only case cited for the proposition that no such authority exists is not controlling. In Supreme Elec. Corp. v Schwartz (Supreme Ct, NY County, index No. 14286/82) the court made note of the contention by petitioner there that the board did not have the authority to convene after the notice of award had been sent to petitioner but stated that petitioner had not established that this practice violated section 318-A of the Regulations of the Board of Estimate. The court then went on to deny the petition in view of petitioner’s permanent disqualification from bidding.
Other cases where determinations of Board of Responsibility or the Board of Estimate were challenged involved situations where the board determined that a contract should not be awarded because of lack of responsibility (see Matter of Industrial Scrap Processing Corp. [City of New York], NYLJ, Aug. 13, 1981, p 4, col 2; Abco Bus Co. v Macchiarola, 52 NY2d 938, revg on dissenting opn of Hopkins, J., 75 AD 2d 831; Matter of Dairymen’s League Co-op. Assn. v Perrini, 54 Misc 2d 400; Matter of Zara Contr. Co. v Cohen, 23 AD2d 718; Matter of Kayfield Constr. Corp. v Morris, 15 AD2d 373). These cases are unlike the one at bar where the contract was awarded with the Board of Responsibility convening after the award was purportedly rescinded by the awarding agency.*
Petitioner also contends the Board of Responsibility’s determination was without a rational basis since it relied solely upon the failure of petitioner to answer questions concerning the indictment and the bidding practices which led to it. In this regard Lord points out that the indictment itself is no evidence of guilt and the board erred as a matter of law in relying upon it in finding Lord not responsible. Lord argues that none of the individuals indicted participated in the bidding for these contracts. Lord also alleges that the hearing demonstrated that the bidding procedure which led up to the award of the instant contract was entirely legitimate.
Section 103 of the General Municipal Law and section 343 of the New York City Charter require that public contracts be awarded to the lowest responsible bidder. In *116 determining the lowest responsible bidder the agency may consider skill, judgment and integrity and the awarding agency may investigate the background of the bidders (Picone v City of New York, 176 Misc 967). The Board of Responsibility is charged with maintaining the integrity of the public bidding process and the court will not substitute its judgment for that of the Board of Responsibility (Matter of Industrial Scrap Processing Corp. [City of New York], supra).
In Matter of Zara Contr. Co. v Cohen (supra), the petitioner low bidder was under indictment for grand larceny in theft of property from the respondent in the performance of a contract with the respondent. The contract had not been awarded in that case and the agency found that the petitioner, although the lowest bidder, was not responsible and not entitled to an award. The court sustained the agency’s ruling and noted that it was permissible for the agency to consider the indictment in making its determination that the petitioner was not the “lowest responsible bidder * * * [that] would best promote the public interest.” (Supra, at p 719.) The court added that to warrant the action taken it was not necessary that the respondent assume petitioner was guilty of the charges contained in the indictment; it being sufficient that the agency could not deem that the award to the petitioner would best promote the public interest.
Matter of Dairymen’s League Co-op. Assn. v Perrini (supra) involves the question of whether a board can rely upon bidder’s failure to answer questions regarding an inquiry into its industry in determining a lack of responsibility for the award of a contract. The court held that the determination had a rational basis and that the finding of no responsibility should not be disturbed (supra, at p 401).
In the instant case the board’s finding of no responsibility has a rational basis. The fact that Lord and some of its top executives were indicted for bid rigging is a sufficient basis for respondent Department of General Services to rescind any contract awards pending resolution of those charges. (Matter of Zara Contr. Co. v Cohen, supra; Elm X-Ray Co. v New York City Health & Hosps. Corp. (Supreme Ct, NY County, index No. 16433/83.) Once a rational basis *117 for this determination is found to exist the court’s power to interfere in the award of a contract arising out of the bidding process is at an end. (Abco Bus Co. v Macchiarola, supra.)
A further obstacle to an award of the relief requested in this proceeding lies in the nature of the relief sought. The remedy of mandamus does not lie to enforce a municipal contract (Mansfield Contr. Corp. v Lindsay, supra). Thus, petitioner has commenced a proceeding in the nature of prohibition. However, this extraordinary remedy lies only where there is a clear legal right to it and only where the body or officer acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction. (Matter of Dondi v Jones, 40 NY2d 8.) Here the respondents are not acting or threatening to act, they have already acted. Prohibition lies to prevent or control judicial or quasi-judicial action, not to review an action. (Matter of Bradford v Helman, 24 AD2d 937.) Petitioner cannot challenge the Board of Responsibility finding by way of prohibition.
Moreover, petitioner has not demonstrated that it does not have an adequate remedy at law. (Mansfield Contr. Corp. v Lindsay, supra.)
One final aspect of the proceeding warrants attention. The purported letter of rescission of the computer contract issued by Yermack on behalf of the Department of Transportation in reliance upon the Department of General Services Board of Responsibility determination was wholly ineffective to rescind the contract.
It was error to rescind the contract without first holding a Board of Responsibility hearing. Yermack violated section 5 (c) of the Resolution of the Board of Estimate by not convening a Board of Responsibility to determine responsibility of Lord for the computer contract and instead relying on the determination of the board convened by the Department of General Services.
Section 5 (c) requires that the Board of Responsibility be made up of a representative of the awarding agency along with a representative of the comptroller and the Corpora *118 tion Counsel. The section also provides that a bidder shall be disqualified because it is not responsible only upon the determination of the board.
Accordingly, the letters of Yermack and Litke did not effectively rescind the contracts. The Department of General Services contract was effectively rescinded only after the determination by the board it convened. The Department of Transportation contract has yet to be rescinded.
Accordingly, pursuant to CPLR 7806, the proceeding, insofar as it is directed to the letter of rescission issued by Yermack is remanded to the Department of Transportation to determine whether Lord is “responsible” pursuant to section 343 of the New York City Charter and section 5 (c) of the Resolution of the Board of Estimate. The petition as it relates to the determination of the Department of General Services is denied.

 Litke’s letter of rescission to petitioner was ineffective in rescinding the contract award since this could only be accomplished after a hearing by the Board of Responsibility. (Bd of Estimate Resolution, § 5 [c].)