■ In the Matter of STACOR CORPORATION, Appellant, v JOHN C. EGAN, as Commissioner of the Office of General

Services of the State of New York, et al., Respondents.—
Weiss, J. Appeal from a judgment of the Supreme Court at
Special Term (Cholakis, J.), entered November 13, 1985 in
Albany County, which dismissed petitioner's application, in a
proceeding pursuant to CPLR article 78, to review a determi-
nation of respondent Comptroller approving the award of a
contract to respondent Bruning Division of the AM Interna-
tional, Inc.

The Office of General Services, Standards and Purchase
(OGS) received four bids for 228 drafting tables (office desk
"combinations") for the contract period April 1, 1985 to March
21, 1987. The lowest bid received was $218,424, which was
submitted by petitioner. OGS rejected petitioner's bid stating
that its product did not meet some of the bid specifications
and was, in some respects, an inferior product. The contract
was instead awarded to respondent Bruning Division of the
AM International, Inc. (Bruning), which had bid $266,787.36.
Because the award was made to one other than the lowest
bidder, OGS submitted the proposed contract with Bruning to
respondent Comptroller pursuant to State Finance Law § 174
for the latter's written approval. OGS identified seven specific
instances in which petitioner's product deviated from the bid
specifications or was otherwise unacceptable. The Comptroller
approved the Bruning contract and this CPLR article 78
proceeding was commenced. Special Term dismissed the peti-
tion giving rise to this appeal by petitioner.

State Finance Law § 174 establishes five criteria for deter-
mining the lowest responsible bidder for contracts for the
purchase of goods by the State: (1) the reliability of the bidder;
(2) the quality of the article; (3) the conformity thereof with
specifications; (4) the purpose for which it is required; and (5)
the terms of delivery (see, American Inst. for Imported Steel v
Office of Gen. Servs., 47 AD2d 118, 119, affd 38 NY2d 991).
Ergo, the lowest price bid does not of itself establish the right
to win a contract. In the instant case, petitioner did not obtain
a vested interest in the contract merely because it submitted
the lowest bid (see, Matter of Bortle v Tofany, 42 AD2d 1007).
Petitioner had the burden to prove that the rejection of its
low bid lacked a rational basis or was in violation of State
Finance Law § 174 (see, Matter of Brereton & Assoc. v Regan,
94 AD2d 886, 887, affd 60 NY2d 807). In this respect, peti-
tioner has not fulfilled its burden, since the Comptroller's
determination was based upon a written memorandum which
demonstrated several specific instances of nonconformity with
the specifications or unsatisfactory characteristics. Under such

circumstances, rejection of petitioner's bid and the award of the contract to Bruning was neither arbitrary nor capricious, but was reasonable and made upon sufficient evidence after full investigation of the facts *(see, Matter of Anchor Equip. Co. v State of New York, Off. of Gen. Servs.,* 66 AD2d 987). "Having determined that there was a rational basis for the administrative determination in awarding the contract, the judicial function is at an end" *(Matter of Bortle v Tofany, supra; Matter of Zara Contr. Co. v Cohen,* 45 Misc 2d 497, *affd* 23 AD2d 718).

Judgment affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.