■ In the Matter of R.W. GRANGER & SONS, INC., Appellant, v STATE OF NEW YORK FACILITIES DEVELOPMENT CORPORATION et al., Respondents. [615 NYS2d 509] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 26, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Facilities Development

Corporation rejecting petitioner's bid for performance of work on a public construction project.

Respondent Facilities Development Corporation (hereinafter respondent) sought and received bids for certain general construction work to be performed at Rochester Psychiatric Center in Monroe County. Petitioner's bid, though the lowest, was rejected because petitioner had not demonstrated its ability to competently perform the work to be done, and was therefore considered not to be a responsible and reliable bidder (see, McKinney's Uncons Laws of NY § 4409 [2] [g] [ii] [Facilities Development Corporation Act; L 1968, ch 359, as amended]). Petitioner thereafter commenced this CPLR article 78 proceeding seeking to overturn respondent's rejection of its bid as arbitrary, capricious and without rational basis. Dismissal of the petition by Supreme Court prompted petitioner to appeal.

Petitioner's claim that it was denied procedural due process is unavailing for a "formal trial-type hearing" is not necessary; what is required is that the bidder receive notice of the reason for the rejection and an opportunity to refute the findings upon which it is based (see, Matter of Schiavone Constr. Co. v Larocca, 117 AD2d 440, 443, lv denied 68 NY2d 610; cf., Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer, 80 NY2d 232, 236-237). At the preaward conference, petitioner was notified that its submissions were not in compliance with the bid specifications in several respects and, accordingly, that it had not adequately demonstrated that it was a responsible and reliable contractor. At that time, petitioner was afforded an opportunity to submit documentation to cure the defects. Then, after the bid was formally rejected, petitioner was granted an informal hearing, the transcript of which is included in the record, at which it attempted, inter alia, to explain the negative references it had received. Thus, petitioner was afforded all the process that it is due under these circumstances.

As to the merits of the rejection itself, we find that petitioner has not met its burden of showing that respondent had no rational basis for its decision (see, Matter of Yorktown Auto Body Works v State of New York Dept. of Transp., 166 AD2d 837, 838; Matter of Stacor Corp. v Egan, 122 AD2d 480, 481). The record reveals that respondent based its determination on several factors, among them petitioner's failure to comply with bid specifications that required proof of completion of three projects of comparable scope, value, and complexity, and disclosure of all serious OSHA violations within the past five years. The failure to disclose several OSHA violations is a

material misrepresentation which, despite petitioner's characterization of its omission as a "clerical error", provides sufficient support, alone, for respondent's determination *(see, Matter of Brereton & Assocs. v Regan,* 94 AD2d 886, 887, *affd* 60 NY2d 807).

A further reason for rejecting the bid was respondent's conclusion that petitioner had not demonstrated "the business and technical organization, plant, resources, financial standing or business experience" needed to perform the contract as specified (McKinney's Uncons Laws of NY § 4409 [2] [g] [ii] [Facilities Development Corporation Act; L 1968, ch 359, as amended]), because it lacked a reasonable plan for hiring and checking the qualifications of the workers necessary to comply with the requirement that 25% of the work be performed by the bidder's own employees. This finding was bolstered by information received by respondent from petitioner's prior clients, which indicated that petitioner did not ordinarily perform any significant amount of the work itself and had, on one occasion, engaged in maneuvers, such as "buying out" subcontracts, "to increase apparent participation".

Respondent's notes from its interviews of the references furnished by petitioner also make evident that petitioner has at least a checkered history with respect to performance, another rational basis for rejecting its bid *(see, Matter of Futia Co. v Office of Gen. Servs.,* 39 AD2d 136, 137). Several previous clients indicated that the project manager or superintendent provided by petitioner was "very poor" or "weak", and had either been fired or quit before the job was completed. Some contained comments such as "it's been a battle" and, with respect to organizational ability, "it looks good on paper but is not really there in actuality". Petitioner's attempt, at the hearing, to explain away some—but not all—of these negative references cannot be said to have rendered respondent's reliance upon them wholly irrational. In short, there is ample record support for respondent's determination that petitioner was not, for the purposes of the contract at issue, a responsible and reliable bidder.

Lastly, with regard to petitioner's assertion that respondent failed to comply with the hearing provisions and rulemaking procedures contained in the State Administrative Procedure Act, this argument, having been made for the first time on appeal, is not properly before this Court *(see, Matter of Manhattan Indus. v Tully,* 88 AD2d 737, 738).

Mikoll, J. P., Crew III, White and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.