■ In the Matter of BAY HARBOUR ELECTRIC, INC., Respondent, v COUNTY OF CHAUTAUQUA, Appellant. [621 NYS2d 259] —Judgment unanimously reversed on the law with costs and petition dismissed. Memorandum: Supreme Court erred in setting aside respondent's determination that petitioner was not the lowest responsible bidder pursuant to General Municipal Law § 103 (1). We conclude that respondent had a rational basis to reject petitioner's bid. The purpose of that statute is to encourage honest competition among bidders in order to obtain the best work at the lowest possible price, and to guard against favoritism, improvidence, extravagance, fraud, and corruption *(Matter of Construction Contrs. Assn. v Board of Trustees,* 192 AD2d 265, 267, citing General Municipal Law § 100-a; *Associated Bldrs. & Contrs. v City of Rochester,* 67 NY2d 854, 855). In exercising its statutory responsibility, respondent was authorized to investigate the background of the bidder and consider its skill, judgment, integrity, responsibility, and reliability *(see, Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer,* 195 AD2d 923, *lv denied* 82 NY2d 660; *Matter of Positive Transp. v City of New York Dept. of Transp.,* 183 AD2d 660, 661; *Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 443, *lv denied* 68 NY2d 610; 1990 Opns St Comp No. 90-48). Respondent's discretion to determine what criteria to consider is limited only by the requirements that the criteria be rational and that reliance on those criteria be essential to the good of the taxpayers, the intended beneficiaries of General Municipal Law § 103 (1) *(see, Matter of Construction Contrs. Assn. v Board of Trustees, supra,* at 267-269; *see also, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144, 148-149; *Gerzof v Sweeney,* 16 NY2d 206, 211-212).

In our view, respondent rationally relied on petitioner's unresponsiveness, hostility, and lack of cooperation in response to respondent's repeated requests for information. Moreover, because the information sought by respondent bore directly on petitioner's qualifications, skill and ability to carry out the project, the failure of petitioner to respond adequately to those inquiries also bore on those criteria, as well as

petitioner's reliability, accountability, and judgment, all permissible criteria under the statute.

We have considered the parties' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Article 78.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.