■ In the Matter of AT&T COMMUNICATIONS, INC., Appellant, et al., Intervenor-Respondent, v COUNTY OF NASSAU et al., Respondents. [625 NYS2d 592] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of General Services of the County of Nassau awarding a telephone system contract to Tele-Pro Corporation and Value Added Communications, Inc., the petitioner appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), dated April 29, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, AT&T Communications, Inc. (hereinafter AT&T), objects to a determination by the respondent Commissioner of the Department of General Services of the County of Nassau (hereinafter the Commissioner), which awarded a contract for the installation of an Inmate Telephone System (hereinafter ITS) at the Nassau County Correctional Center (hereinafter NCCC) to the respondents Tele-Pro Corporation and Value Added Communications, Inc. The County rejected AT&T's bid on two grounds. The first was that AT&T's bid varied materially from the terms of the formal bid proposal because the proposed contract submitted with AT&T's bid contained a clause which provided for the payment of a termination charge in the event that the contract was terminated on grounds other than AT&T's own material default. The second was that AT&T violated one of the terms of the formal bid proposal, which prohibited bidding in connection with another bidder.

The petitioner commenced this CPLR article 78 proceeding, claiming that it was the lowest responsible bidder and that the Commissioner's decision to reject its bid was irrational, arbitrary, and capricious.

The Supreme Court denied the petition and dismissed the proceeding, finding, *inter alia,* that the Commissioner was justified in rejecting the petitioner's bid, as the inclusion of a termination charge represented a material variance which could not be waived by the Commissioner after submission and opening of the bids. We affirm.

The letting of public contracts is governed by General Municipal Law § 103. The statute was designed with the dual purpose of fostering honest competition, to assure that municipalities obtain the best work and supplies at the lowest possible price, and to guard against favoritism, improvidence, extravagance, fraud, and corruption *(Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, *affd* 46 NY2d 960). "Where the variance between the bid and the specification is material or substantial * * * the defect may not be waived and the municipality must reject the bid so that all bidders may be treated alike" *(Le Cesse Bros. Contr. v Town Bd., supra,* at 32; *see also, Matter of Superior Hydraulic v Town Bd.,* 88 AD2d 404). A government agency has the right to determine whether a variance from bid specifications is material *(Matter of A&S Transp. Co. v County of Nassau,* 154 AD2d 456).

Here, the termination clause provided AT&T with protec-

tion that the other bidders were not afforded. Had the Commissioner accepted AT&T's bid containing this clause, the other bidders would have been disadvantaged, as they did not know at the time that they submitted their bids that they, too, could have included such a clause in their bids. Thus, the Commissioner's determination that the termination clause was material was rational. To permit AT&T to withdraw the termination clause in post-bid negotiations so that it might become the lowest responsible bidder would be unfair to the other bidders (see, Matter of Fischbach & Moore v New York City Tr. Auth., 79 AD2d 14).

The petitioner's remaining contentions are either without merit or unpreserved for appellate review. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.