■ In the Matter of ADELAIDE ENVIRONMENTAL HEALTH ASSOCIATES, INC., Appellant, v NEW YORK STATE OFFICE OF GENERAL SERVICES, Respondent. [669 NYS2d 975] —Crew III, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 17, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for, *inter alia*, petitioner's failure to join a necessary party.

In May 1996, respondent solicited bids for a term contract for hazardous materials sampling and testing services. Although petitioner was determined to be the low bidder for the project, respondent ultimately declined to award petitioner the contract because petitioner had filed for chapter 11 bankruptcy (11 USC) which, respondent asserted, was indicative of a lack

of financial responsibility. Respondent apparently proceeded to award the contract to the next lowest bidder, Spectrum Environmental Associates, Inc., and petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia*, award of the subject contract. Respondent moved to dismiss, contending that petitioner had failed to join a necessary party, i.e., Spectrum, and that its decision to deny the contract to petitioner was rational. Supreme Court granted respondent's motion, finding that petitioner indeed had failed to join a necessary party and, further, that the record supported respondent's determination that petitioner was not a responsible bidder. This appeal by petitioner ensued.

Assuming, without deciding, that Supreme Court erred in dismissing the petition based upon petitioner's failure to join Spectrum as a necessary party, there nonetheless is ample evidence to support the court's alternative basis for dismissal— namely, that respondent's decision to deny petitioner the underlying contract was rational. Accordingly, Supreme Court's judgment must be affirmed.

In accordance with State Finance Law § 163, the State's procurement policy is to be guided by various principles, including "promot[ing] purchasing from responsive and responsible offerers" (State Finance Law § 163 [2] [a]) and "ensur[ing] that contracts are awarded consistent with the best interests of the state" (State Finance Law § 163 [2] [d]). To that end, prior to awarding a contract, the relevant State agency must "make a determination of responsibility of the proposed contractor" (State Finance Law § 163 [9] [f]). Where, as here, the contract is one for services, it is to be awarded "on the basis of best value from a responsive and responsible offerer" (State Finance Law § 163 [10]).

Our review of an agency's decision to award or deny a contract is limited to ascertaining whether there is a rational basis to support the agency's determination (*see, Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, 444, *lv denied* 68 NY2d 610). In this regard, the contractor bears the burden of establishing that the rejection of its low bid lacked a rational basis (*see generally, Matter of Granger & Sons v State of New York Facilities Dev. Corp.*, 207 AD2d 596, 597; *Matter of Stacor Corp. v Egan*, 122 AD2d 480, 481; *Matter of Brereton & Assocs. v Regan*, 94 AD2d 886, 887, *affd on mem below* 60 NY2d 807). Petitioner has failed to meet that burden here.

In conjunction with its bid, petitioner submitted a "Uniform Contracting Questionnaire" wherein it disclosed that it had filed for chapter 11 bankruptcy. Additionally, petitioner submit-

ted a "Disclosure Statement", together with certain financial records, which raised questions as to petitioner's solvency. Inasmuch as financial stability is a relevant factor in determining whether a particular contractor may be deemed a responsible bidder (*see generally*, *Matter of Salle v Office of Gen. Servs., Stds. & Purchase, Executive Dept.*, 134 AD2d 809, 811), we cannot say that respondent's determination lacked a rational basis.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.