■ In the Matter of DONSON TRANSPORTATION SERVICES, INC., Respondent, v COUNTY OF BROOME et al., Appellants. [683 NYS2d 642] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Coutant, J.), entered May 4, 1998 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent County of Broome finding that petitioner was not the lowest responsible bidder for a transportation contract.

In October 1997, respondent County of Broome sought bids for the furnishing of transportation services for disabled children over a five-year period commencing January 1, 1998. When the bids were opened on November 14, 1997, petitioner's bid was the lowest, with that of respondent Serafini Transportation Corporation, the only other bidder, slightly higher. After reviewing the information submitted by each bidder, the County Director of Public Health recommended that petitioner's bid be rejected on the ground that it was not the lowest "responsible" bidder. When the County Board of Acquisition and Contract (hereinafter the Board) indicated its intention to follow this recommendation, petitioner's attorney requested, and was afforded, an opportunity to address the Board's concerns. After hearing from petitioner's accountant and operations manager, however, the Board again voted to reject petitioner's bid and awarded the contract to Serafini.

Petitioner then commenced this proceeding to annul the Board's decision, arguing, *inter alia*, that the County had a pattern of limiting bidders in favor of Serafini and that the rejection of its less costly proposal was arbitrary and capricious. Serafini filed a "cross-petition" in opposition to petitioner's request for an injunction and asserted that the County had impermissibly waived its initial requirement (not satisfied by petitioner) that the $20,000 bid bond be issued by a company rated B+ or higher by A.M. Best. Supreme Court concluded that the County had not proffered any rational explanation for its rejection of petitioner's bid, in view of the fact that Serafi-

ni's submissions, though lacking some of the same information as petitioner's, had been deemed acceptable. Accordingly, the challenged determination was annulled, prompting this appeal by respondents.

Prefatorily, it is worth noting that the record does not support petitioner's assertion that the bid specifications were unfairly drawn. Moreover, in our view, the factors cited by the Director in her recommendation, and relied upon by the Board, provide a rational basis for its determination that petitioner was not the "lowest responsible bidder" for the contract at issue (*see, e.g., Matter of Adelaide Envtl. Health Assocs. v New York State Off. of Gen. Servs.*, 248 AD2d 861, 863; *Matter of Granger & Sons v State of N. Y. Facilities Dev. Corp.*, 207 AD2d 596, 597; *Matter of Lauvas v Town of Bovina*, 86 AD2d 694, 695). Petitioner's bid submissions established that it would have had to increase its business operations substantially by, among other things, acquiring 18 to 20 new vehicles, and hiring the drivers, monitors and support staff necessary to place those vehicles on the road, to enable it to carry out its responsibilities under the proposed contract. Given petitioner's proposal to so dramatically expand its fleet in the brief time period prior to commencement of the contract, it was not unreasonable for the Board to conclude that the deficiencies in petitioner's explanatory submissions raised a substantial doubt, which was not allayed by the evidence and testimony thereafter presented, as to its ability to actually meet the demands of such a large contract.

In this regard, it was noted that petitioner provided only a brief, cursory response, lacking in relevant detail, to the form entitled "submission No. 8", which asked for "a detailed description" of how it intended to provide the services at issue; failed to set forth the specifications, including seating capacity, of the vehicles it aimed to purchase or lease (submission No. 5); and neglected to outline the particular means to be used for training new employees in first aid and CPR (submission No. 7). Serafini's responses to submission Nos. 7 and 8, on the other hand, included a list of the organizations from which its employees would obtain the necessary training, and many specifics respecting its methods of, *inter alia*, scheduling, dispatching, record-keeping, communicating with parents of the children, and handling cancellations and unforeseen circumstances, along with samples of the forms used in its operation. Moreover, to the extent that Serafini's submissions suffered from similar defects as petitioner's, it suffices to observe that it was not merely the absence of information, but the fact

that the missing information was critical to assessing petitioner's ability to undertake a rapid increase in the size of its operation that formed the basis of the Board's determination. Due to the larger scope·of Serafini's existing business, similar concerns were not raised in connection with its bid.

Even if, as petitioner contends, the Board erred in refusing to consider a letter it submitted at the hearing outlining a bank's commitment to increase petitioner's line of credit (*but see, Matter of AT&T Communications v County of Nassau*, 214 AD2d 666, 668; *Le Cesse Bros. Contr. v Town Bd.*, 62 AD2d 28, 34, *affd* 46 NY2d 960), or in citing petitioner's failure to comply with the original bid bond requirement despite having waived such compliance, petitioner's failure to supply the information requested in conjunction with the bid—which, the Board found, precluded it from assessing petitioner's ability to provide the required services—constitutes a valid basis for the decision to reject its bid (*see, Matter of Bay Harbour Elec. v County of Chautauqua*, 210 AD2d 919, *lv denied* 85 NY2d 810; *Matter of Granger & Sons v State of N. Y. Facilities Dev. Corp.*, *supra*, at 598). Petitioner's remaining arguments have been considered and found meritless.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.