■ In the Matter of PROMISSOR, INC., Appellant, v NEW YORK STATE INSURANCE DEPARTMENT et al., Respondents. [762 NYS2d 445] —Rose, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered January 16, 2003 in Albany County,

which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Office of State Comptroller denying the award of a contract to petitioner.

Respondent New York State Insurance Department (hereinafter NYSID) issued a request for proposals (hereinafter RFP) for the administration of examinations to persons seeking NYSID licenses. The RFP included a requirement that the vendor provide test score reports containing photographs of the examinees taken at the time of the examination. Specifically, section 3.6 of the RFP provided that the bidder's proposal was to state the "cost or fee charges for providing test center photo of candidates, including methods to be used." Petitioner and respondent Experior Assessments, LLC (hereinafter Experior) each submitted a proposal in response to the RPF. Regarding the cost of test center photographs, petitioner's proposal stated:

"Photo fees for candidates scheduled to take an examination at a test center are included in the candidate examination fee. If a photo is required of someone not scheduled for an examination there is an $8.00 fee for the photo." Elsewhere it stated that the photograph fee would be "$0 or $8," with a footnote indicating that "[n]o charge if taken with exam, otherwise fee applies for photo only." However, in response to the RFP's request for an explanation of any pricing differential, petitioner stated "[n]ot applicable."

Finding these statements to be unclear regarding the circumstances under which each cost would be used, and unable to determine the number of times when the lower cost would apply, NYSID concluded that they were ambiguous and so construed the costs proposed by petitioner to include $8 for each examinee photograph. Thus, NYSID found that Experior's proposal offered better value because of its lower cost for photographs, and conditionally awarded the contract to Experior. After respondent Office of the State Comptroller denied petitioner's bid protest and approved the contract award, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the award. Supreme Court dismissed the petition, rejecting the argument that NYSID acted irrationally. Petitioner now appeals.

We affirm. "Our review of an agency's decision to award or deny a contract is limited to ascertaining whether there is a rational basis to support the agency's determination. In this regard, the contractor bears the burden of establishing that the rejection of its low bid lacked a rational basis" (*Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen.*

*Servs.*, 248 AD2d 861, 862 [1998] [citations omitted]). Because petitioner's proposal appeared to offer alternate costs for test center photographs without clearly explaining when $8 would be charged, NYSID had a rational basis for calculating the proposal using the higher $8 fee. Since petitioner's proposal stated that the $8 fee would be charged to those who were not "scheduled for an examination," it was ambiguous as to whether such examinees would be those who were walk-ins, who registered by telephone or fax, or were otherwise unscheduled. Petitioner's footnote added to the ambiguity by implying that test center photos might be taken without an exam. Given the particular facts of this case, we cannot say that NYSID abused its discretion in interpreting the ambiguity in petitioner's proposal by assuming the "worst case" as to photograph costs.

We are also unpersuaded by petitioner's contention that its $8 alternative cost proposal was in response to section 2.3 (d) of the RFP, as that section instructed bidders to explain the "services and procedures" and makes no reference to costs. We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, we conclude that Supreme Court properly dismissed the petition.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.