Kane, J.
Appeal from a judgment of the Supreme Court (Stein, J), entered October 17, 2002 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to, inter alia, review respondent’s determination terminating petitioner’s contract with New York State.
Respondent issued an invitation for bids regarding floor covering installation contracts for government projects. Petitioner submitted a bid, which was accepted in February 2002. In April 2002, respondent notified petitioner that the contract was being cancelled, as it should not have been awarded to petitioner because the hourly labor rate in its bid was below the prevailing wage rate required for state contracts (see Labor Law § 220 [3]). Petitioner commenced this CPLR article 78 proceeding seeking an injunction preventing respondent from cancelling the contract.
Since respondent did not act arbitrarily and capriciously in cancelling the contract without allowing petitioner to alter its hourly labor rate to comply with the prevailing wage rate, we affirm Supreme Court’s dismissal of the petition. The contractor bears the burden of showing that the agency lacked a rational basis for its decision (see Promissor, Inc. v New York State Ins. Dept., 307 AD2d 460, 461 [2003]; Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen. Servs., 248 AD2d 861, 862 [1998]; Matter of R.W. Granger & Sons v State of N.Y. Facilities Dev. Corp., 207 AD2d 596, 597 [1994]). The applicable prevailing wage rate was disclosed to bidders in the invitation for bids as well as at a prebid meeting, which petitioner failed to attend. The failure of petitioner’s bid to conform with the bid requirements or the Labor Law provided a rational basis for respondent to reject the bid (see Matter of R.W. Granger & Sons v State of N.Y. Facilities Dev. Corp., supra at 597; Matter of Stacor Corp. v Egan, 122 AD2d 480, 481-482 [1986]; see generally State Finance Law § 163 [10]).
“[T]he law and public policy mandate that bidders be treated equally and fairly in their pursuit of public work . . . [because] fairness in the bidding process is inextricably connected with the objective of obtaining the best quality work at the lowest *731 possible price” (Matter of Fischbach & Moore v New York City Tr. Auth., 79 AD2d 14, 18-19 [1981], lv denied 53 NY2d 604 [1981]; see Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 148 [1985]). If municipalities are permitted to ease contract specifications after bids have been submitted or waive material variances in bids received, potential bidders will lose confidence that their bids will be fairly considered and be discouraged from bidding, thus diminishing competition for public contracts to the detriment of the public (see Matter of Fischbach & Moore v New York City Tr. Auth., supra at 20). Contrary to petitioner’s argument, this case is distinguishable from matters where a government entity negotiates for or accepts postbid price reductions or downward modifications from a successful bidder after the contract was properly awarded, as such downward modifications are not contrary to law and clearly promote the public interest (compare Matter of Pallette Stone Corp. v State of N.Y. Off. of Gen. Servs., 245 AD2d 756 [1997]; Matter of Fischbach & Moore v New York City Tr. Auth., supra). Respondent’s decision to cancel petitioner’s contract after discovering that it was erroneously awarded based on a nonconforming bid, and not permitting modification of the proposal to correct petitioner’s error, was rational and in accordance with the policies underlying the competitive bidding statutes.
Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.