■ In the Matter of Roy MILLER, Appellant, v. GREENE COUNTY, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered January 4, 1972 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Greene County Legislature which rejected petitioner's bids for fuel oil and service contracts. After advertising and receiving bids to supply fuel oil and service to various county buildings, respondent Greene County Legislature awarded the contracts to Amos Post, Inc. (the second low bidder) as the lowest responsible bidder. Appellant was the low bidder. By this article 78 proceeding he seeks to compel respondent to award the contracts to him. Special Term dismissed the petition. We agree. Appellant contends that there was no reasonable basis for the respondent's action in awarding the contracts to the second lowest bidder. He also maintains that respondent merely adopted, without question or investigation, a prefiled resolution of its building committee chairman. The factual basis for respondent's rejection of appellant's bids, as set forth in its opposing papers, shows that appellant had given poor service in the past and its delivery and billing practices were not acceptable. Appellant does not dispute these facts. In our opinion such facts are sufficient to constitute a rational basis for rejection of appellant's bids. (See *Futia Co.* v. *Office of General Servs. of State of N. Y.*, 39 A D 2d 136.) There is a presumption of regularity attached to the acts of respondent. (*Kane* v. *Walsh*, 295 N. Y. 198, 206.) Appellant had the burden of establishing that such facts were not before the County Legislature at the time of its determination. (*Matter of Kayfield Constr. Corp.* v. *Morris*, 15 A D 2d 373, 379.) The record discloses that appellant failed to sustain this burden. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.