■ In the Matter of FANNIE P. BORTLE, Doing Business as STENOTYPE REPORTERS, Appellant, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered June 20, 1972 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a determination of the Commissioner of Motor Vehicles awarding a contract to respondent AJN Reporters, Inc., and to direct that said contract be awarded to petitioner. Section 174 of the State Finance Law requires that contracts with departments of the State "shall be let to the lowest responsible bidder, as will best promote the public interest". After bids were received on a contract to supply stenographic reporters at hearings of the Department of Motor Vehicles, the contract was awarded to respondent AJN (the second low bidder) as the lowest responsible bidder. Petitioner, the low bidder, contends that there was no reasonable basis for the action of the respondents in awarding the contract to the second low bidder. We agree with Special Term's determination. The evidence of poor service under a prior contract and the high fees charged to the public by petitioner constituted a rational basis for the rejection of its bid (*Matter of Miller* v. *Greene County*, 40 A D 2d 738; *Matter of Futia Co.* v. *Office of Gen. Servs. of State of N. Y.*, 39 A D 2d 136). Petitioner did not obtain a vested interest in the contract merely because it submitted the lowest bid, and respondents' action was an exercise of power clearly conferred by statute (*Matter of Kayfield Constr. Corp.* v. *Morris*, 15 A D 2d 373, 378). Having determined that there was a rational basis for the administrative determination in awarding the contract, the judicial function is at an end (*Matter of Zara Contr. Co.* v. *Cohen*, 45 Misc 2d 497, affd. 23 A D 2d 718). Judgment affirmed, with costs. Greenblott, J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.