■ JOSEPH BAROUDI et al., Doing Business as ALPINE RESTAURANT AND MOTEL, Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 10, 1976 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Environmental Conservation, approved by the Comptroller, which awarded a concession to the second highest bidder, and further to direct respondents

to award the contract to petitioners, who submitted the highest bid. From November 1, 1972 to November 1, 1975 petitioners operated the cafeteria and cocktail lounge concession at Gore Mountain Ski Center pursuant to a contract awarded by the Department of Environmental Conservation. By letter dated October 9, 1975, the department informed petitioners that it was soliciting bids for the operation of the concession for the period November 1, 1975 to November 1, 1978. By letter dated December 2, 1975, petitioners were informed that they had submitted the highest bid, i.e., the one that would turn over to the State the greatest percentage of gross sales, but that the department was recommending that the contract be awarded to the second highest bidder "because of problems in the carrying out of your prior contracts of which you have been notified". After informal conferences between representatives of petitioners and respondents, and further exchange of correspondence, the decision to deny the contract to petitioners was reaffirmed. Petitioners contend that respondents' determination is arbitrary and capricious, an abuse of discretion and violative of due process. The true test of the validity of respondents' action in cases such as this, is whether "a rational basis for the administrative determination in awarding the contract" exists, and if there is, the judicial function is at an end *(Matter of Bortle v Tofany,* 42 AD2d 1007). Recent cases have repeatedly upheld the view that evidence of poor service under a prior similar contract constitutes a rational basis for rejecting a bid *(Matter of Bortle v Tofany, supra; Matter of Miller v Greene County,* 40 AD2d 738). Upon our review of the record, we are satisfied that there is evidence indicating that certain practices of petitioners under a prior contract were violative of conditions of that contract and bore a relationship to the disappointing financial returns during petitioners' prior operation of the facility. Petitioners contend, nevertheless, that they have been denied the opportunity to rebut the charges against them or offer an explanation in connection with those aspects of their performance with which respondents were dissatisfied, in violation of the fundamental due process requirement of the right to be heard (see *Matter of Armere Holding Corp. v Bell,* 37 NY2d 925). However, nothing has been presented by petitioners either here or at Special Term to show that an explanation can in fact be proffered which would furnish respondents with a basis for reconsideration. In view of the presumption of regularity attached to the actions of respondents *(Matter of Miller v Greene County, supra;* see *Kane v Walsh,* 295 NY 198, 206) the burden of proof on such issues would rest with petitioners. On the present record they have failed to even allege facts which if proven would meet that burden. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.