■ JOSEPH BAROUDI et al., Doing Business as ALPINE RESTAURANT AND MOTEL, Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 61718-A.) —Appeal from an order of the Court of Claims, entered March 22, 1978, which granted in part and denied in part a motion to dismiss the claim. The claimant had acquired the food service concession for the Gore Mountain Ski Center and Whiteface Mountain Ski Center from the Department of

Environmental Conservation (En Con) through October of 1975. Subsequently, the claimants were denied a contract for the period of November 1, 1975 to November 1, 1978 at Gore Mountain even though they submitted the highest bid. That denial was based upon a conclusion of unreliability because of prior contract performance and its efficacy was upheld by the courts *(Baroudi v New York State Dept. of Environmental Conservation,* 55 AD2d 998, mot for lv to app den 41 NY2d 806). In November of 1977, the claimants were denied a contract for the concession at the Saratoga Spa State Park upon the same grounds of demonstrated incompetency. The claim alleges in a first cause of action that on September 30, 1977 the claimants "obtained a copy of a press release of a report prepared by the New York State Department of Audit and Control" and that certain specified statements therein "were wholly false and caused great injury to claimants' reputation and business." It was also alleged in the first cause of action that the report was based upon false and misleading information obtained from employees of En Con. The State, citing *Ward Telecommunications & Computer Servs. v State of New York* (42 NY2d 289), moved to dismiss the first cause of action because it "fails to state facts sufficient to constitute a cause of action, since it was recently held by the New York Court of Appeals that official reports of the Department of Audit and Control are absolutely privileged." The Court of Claims denied the motion because the State had failed to establish by evidentiary material that the audit report was an "official" report. Upon review, it does not appear that the court was arbitrary or otherwise abused its discretion in insisting upon due proof of the authenticity of the audit report before according it an absolute privilege as to falsehoods as required by *Ward Telecommunications & Computer Servs. v State of New York (supra,* p 290). The Court of Claims dismissed so much of the first cause of action as appeared to allege defamation based upon oral falsehoods by State employees, without prejudice to an application for leave to replead. The State objects to the exercise of discretion as to denying a dismissal on the merits, however, the State has not established any basis for an absolute privilege in that regard (42 NY2d 289, 292-293). As to the second and third causes of action, the court construed them as evidentiary in nature going to the issue of injury from the alleged false statement and given such a construction it does not appear that there was such error as would require a finding that the court abused its discretion in refusing to dismiss those "causes of action". Since the court did not err as a matter of law in refusing to dismiss the second and third causes of action, we do not pass upon its additional conclusion that those causes of action also sounded in negligence. Lastly, the Court of Claims noted, *sua sponte,* that the record before it indicated that perhaps there had been a failure to timely file the claim. However, as the court noted, the State raised no issue in that regard and the claim would be valid upon its face. The present appeal serves no useful purpose as none of the determinations of the Court of Claims were such as to prejudice the State in any way. It would have been less time consuming to have moved for summary judgment upon a duly authenticated copy of the audit report and to have awaited the further attempt to plead oral falsehoods before making academic arguments. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.