■ In the Matter of CALLANAN INDUSTRIES, INC., Appellant, v CITY OF SCHENECTADY et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered August 30, 1985 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Schenectady City Council awarding a street rehabilitation contract to respondent King Road Materials, Inc., and to direct that the contract be awarded to petitioner.

Petitioner submitted the lowest bid in response to respondent City of Schenectady's advertisement for bids for the 1985 street rehabilitation contract. Respondent King Road Materials, Inc. (King) was the next lowest bidder. On July 8, 1985, the award of the 1985 contract was discussed by petitioner with city officials and respondent City Council. Subsequently, following further discussions, the tabling of the pertinent

legislation, and after executive sessions of the City Council, a resolution was passed awarding the contract to King. This legislative action was considered necessary because petitioner's work under the city's 1984 street rehabilitation contract was considered seriously deficient and the attempted corrections by petitioner were totally unsatisfactory to the city officials. As a result, petitioner was found not to be the lowest responsible bidder under General Municipal Law § 103 and it was denied the 1985 contract. Thereupon, petitioner instituted this CPLR article 78 proceeding to annul the City Council's award of the contract to King and to compel an award thereof to petitioner. Special Term dismissed the petition upon a finding that the award of the contract to King was supported by a rational basis. We agree.

The law is well settled that evidence of poor service under a prior similar contract constitutes a rational basis for finding the actual lowest bidder irresponsible and rejecting its bid (*Baroudi v New York State Dept. of Envtl. Conservation,* 55 AD2d 998, *lv denied* 41 NY2d 806). The record herein supplies ample evidence of poor service by petitioner under the 1984 repaving contract (*see, Matter of Lauvas v Town of Bovina,* 86 AD2d 694). Asphalt unraveled, potholes and contaminated surface mats appeared, and the city experienced difficulty resolving these problems with petitioner. These facts supply a rational basis for the city's rejection of petitioner's bid, ending further judicial inquiry (*see, Baroudi v New York State Dept. of Envtl. Conservation, supra*).

Furthermore, contrary to petitioner's contention, we find no denial of due process by the city's failure to provide petitioner a hearing on its rejected bid. A low bidder acquires no vested or property right in a contract (*Matter of Bortle v Tofany,* 42 AD2d 1007), at least not until the bid has been accepted (*S.S.I. Investors v Korea Tungsten Min. Co.,* 80 AD2d 155, *affd* 55 NY2d 934). Petitioner's informal conferences with the City Council and other city officers, along with this article 78 proceeding, satisfied petitioner's due process rights (*Matter of Sanford v Rockefeller,* 35 NY2d 547, 554, *appeal dismissed sub nom. Sanford v Carey,* 421 US 973).

Inasmuch as petitioner admits that there were deficiencies in its prior work under the 1984 contract and has failed to show good cause to vacate the City Council's determination, Special Term did not abuse its discretion in dismissing the petition, despite the city's lack of compliance with the Open Meetings Law (Public Officers Law § 103). The judgment of Special Term should, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.