In the Matter of KERNAN LIBRARY OFFICE GROUP, INC., Appellant, v OFFICE OF GENERAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.—Mikoll, J.

Four bids for library furniture were received in response to a bid proposal issued by respondent Office of General Services (OGS). The two lowest bids were rejected for failure to con-

form to the specifications contained in the bid proposal. The third lowest bid was that of petitioner and the fourth lowest bid was that of respondent Nickerson Corporation (Nickerson). The actual price difference between the two bids was not $22,000, as first appeared, but $13,764.65. Following receipt of a notice that the contract was awarded to Nickerson, petitioner commenced the instant CPLR article 78 proceeding to annul the contract and to direct that the contract be awarded to it. Petitioner claimed that the rejection of its bid was without a rational basis because, although its samples were at variance with the detailed bid specifications, the variations were insignificant. Special Term rejected petitioner's arguments and dismissed the petition, giving rise to this appeal by petitioner.

We reject petitioner's arguments that it was error for Special Term to dismiss the petition without a hearing and that the determination was arbitrary. The facts demonstrate that a rational basis existed for the rejection of petitioner's bid and Special Term properly declined to interfere with the award of the contract to Nickerson. The record revealed that there were substantial departures from the contract specifications in petitioner's bid. The contract called for a card catalogue cabinet having a one-inch top and solid construction. The cabinet offered by petitioner was of an open, "slot type" construction and had a top of only ⅞-inch thickness, a difference of 13%. The chairs in the contract were to have a backrest 12 inches in height, but petitioner's chairs had only a 10-inch high backrest, a difference of 17%. Thus, the differences were not minor but substantial. The dismissal was not arbitrary and, therefore, there must be an affirmance (see, Matter of Anchor Equip. Co. v State of New York, Off. of Gen. Servs., 66 AD2d 987; Matter of Bortle v Tofany, 42 AD2d 1007).

Finally, Special Term did not err in dismissing the petition on the submissions without a hearing on this record (see, Matter of Brereton & Assoc. v Regan, 94 AD2d 886, 887). We have examined petitioner's other contentions of error and find them unpersuasive.

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.