■ In the Matter of K & M Turf Maintenance, Appellant; Michael Gallo, as President of Mineola Union Free School District, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review the award by the

Mineola Union Free School District of a public contract for athletic field renovations at the Mineola High School, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered September 27, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The instant dispute arises from the solicitation of bids for the renovation and maintenance of a public high school soccer field. The petitioner K & M Turf Maintenance (hereinafter K&M) submitted a bid to the respondent Michael Gallo, president of the Board of Education of the Mineola Union Free School District (hereinafter the board), in connection with furnishing all labor and materials necessary for the renovation of an athletic field at the Mineola High School. While K&M submitted a bid for the contract in the amount of $10,400, the respondent Turf Specialists, Inc. (hereinafter Turf) submitted a bid in the amount of $18,000. The contract subsequently was awarded to Turf. The board based its decision on the fact that K&M had failed to comply with the bid specifications and upon a determination that a particular type of equipment utilized by Turf was best suited to the job. Thereafter, K&M commenced the instant proceeding to review the determination of the board and to direct the board to award the contract to K&M. The Supreme Court dismissed the proceeding on the ground that the board's rejection of K&M's bid was "prima facie rational, and not arbitrary or capricious". We agree.

K&M's contention that the bid proposal's specification requiring the use of a patented sand injection machine was illegal under General Municipal Law § 103 (1) is unpersuasive in view of the provisions of the bid proposal which stated that the listing of items by manufacturer or brand name only specified a description and quality and were in no way intended to limit competitive bidding. The record contains ample proof of the board's willingness to accept substitute equivalents. Moreover, the board's conduct in investigating and evaluating the two bids was consistent with its expressed intent to entertain bids involving substitutes of equal quality.

Similarly, K&M's claim that the board was under a duty pursuant to General Municipal Law § 103 (5) to obtain the vote of three fifths of its governing body before specifying that a sand injection machine was to be used for the project is also without merit. The notice to bidders expressly provided for the use of substitutes of similar quality. Additionally, General

Municipal Law § 103 (5) applies only to "purchase contracts for a particular type or kind of equipment, material or supplies". Inasmuch as the present contract was for public works and not for the purchase of equipment, material, or supplies, that statutory provision is inapposite. Furthermore, contrary to K&M's contention, there was no duty to segregate the field renovation work into two contracts, as the board complied with competitive bidding requirements with respect to all aspects of the work encompassed by the contract.

We further reject K&M's contention that the decision of the board was arbitrary and capricious because the board declined to waive K&M's noncompliance with the bid specifications. In reviewing determinations made by a public agency, the discretionary decision of the agency "ought not to be disturbed by the courts unless irrational, dishonest, or otherwise unlawful" *(Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144, 149). "[I]t is beyond the scope of judicial review to consider the facts *de novo* nor may the court substitute its judgment for that of the agency" *(Matter of C. K. Rehner, Inc. [City of New York],* 106 AD2d 268, 270). While a technical noncompliance with bid specifications may be waived in the agency's discretion *(see, Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 31, *affd* 46 NY2d 960), an agency may also reject the low bid of a contractor for failing "to comply with the literal requirements of the bid specifications" *(Le Cesse Bros. Contr. v Town Bd., supra,* at 31; *see, Matter of Atlantic Tug & Equip. Co. v Town of Tonawanda,* 45 AD2d 916; *Matter of Southern Steel Co. v County of Suffolk,* 29 AD2d 662). The failure to meet bid specifications based on a determination that the low bidder does not have the proper equipment to perform the specified work or that the proposed substitute equipment is not satisfactory is a rational basis for denying the award of the contract to that bidder *(see, Matter of Brereton & Assocs. v Regan,* 94 AD2d 886, *affd* 60 NY2d 807; *Matter of Kernan Lib. Off. Group v Office of Gen. Servs.,* 124 AD2d 425). K&M's bid herein failed to provide reference information to indicate that a prebid site inspection in the presence of a school district representative had been conducted, and to identify what type of machinery it intended to use. These factors alone provide a rational basis for the board's rejection of K&M's bid. Additionally, the board received a report from its civil engineer/landscape architect which stated that the sand placement machine utilized by K&M would not produce comparable results to Turf's sand injection machine, that K&M's machine was not equal or

superior to the sand injection machine, and that Turf should be awarded the contract. Further, the board did not rely exclusively on this report, but also entertained correspondence and supporting documentation from both bidders regarding the relative merits of the sand placement and the sand injection machines and reviewed affidavit evidence of the inventor of both machines.

Finally, we reject K&M's argument that the decision of the board was arbitrary and capricious because K&M was not afforded a hearing. A bidder is not absolutely entitled to a hearing before its bid may be rejected (see, Matter of Dellwood Foods v Board of Educ., 97 Misc 2d 751), nor has K&M presented facts warranting a hearing in this case. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.