OPINION OF THE COURT
Joseph Harris, J.
This is an action for a declaratory judgment seeking to annul the rules and regulations promulgated by defendants in 17 NYCRR part 185 concerning towing contracts on parkways in Columbia, Dutchess, Putnam and Westchester Counties upon the alleged grounds that they are arbitrary, capricious *593 and unconstitutional. Plaintiff and defendants herein both move for summary judgment.
The plethora of preliminary procedural skirmishing has heretofore been resolved and is of no moment here. (See, Doug’s Glass Shop v White, Sup Ct, Albany County, Feb. 10, 1989, Hughes, J., RJI No. ST1887, index No. 14945-88.)
The facts pertinent to the issues before this court are as follows: Prior to August 13, 1984, when defendants promulgated 17 NYCRR, sections 185.1 through 185.12, instituting a competitive bidding system to provide private towing services on enumerated segments of State parkways in Columbia, Dutchess, Putnam and Westchester Counties, the towing function was handled on a multipermit basis, whereby each licensed tower was charged a flat fee of $100 a year and $1 for every call made by a tower.
Plaintiff is a licensed tow operator engaged in the business of commercial towing and emergency road services on parkways in Westchester County. He is also the contract holder for towing services on the Sprain Brook Parkway from the Bronx River Parkway to the Taconic Parkway.
Plaintiff contends that any financial system whereby the State collects moneys, or charges a fee not reasonably related to the cost of providing the service involved, is a tax, and that defendants are not empowered to impose a tax. While this argument may have had merit when the "permit” system was in effect, it has no merit under a "contract” or competitive bidding system. (See, Matter of Breese v Larocca, Sup Ct, Albany County, Sept. 7, 1984, Kahn, J.) Further, competitive bidding systems have a long, honored and accepted place in providing governmental services, both respecting personal services as well as the acquisition of physical goods. (See, Matter of Miller v Greene County, 40 AD2d 738; Matter of Bortle v Tofany, 42 AD2d 1007.)
The court has examined all other contentions of the plaintiff and finds them without merit.
The motion of plaintiff for summary judgment is denied and defendants’ motion for summary judgment is granted. The court declares that the rules and regulations contained in 17 NYCRR part 185 are in all respects constitutional, and that their promulgation was in no way arbitrary and capricious.