■ In the Matter of MAJESTIC PLUMBING & CONSULTING CORP., Respondent, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT et al., Appellants. [724 NYS2d 619] —In a proceeding pursuant to CPLR article 78 to review a determination by Half Hollow Hills Central School District rejecting the petitioner's bid, Half Hollow Hills Central School District and Jack C. Hirsh, Inc., appeal from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated December 20, 1999, which annulled the determination and directed that the subject contract be awarded to the petitioner.

Ordered that the appeal by Jack C. Hirsch, Inc., is dismissed as abandoned (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is reversed, on the law, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellant Half Hollow Hills Central School District is awarded one bill of costs payable by the respondent.

The rejection by the appellant Half Hollow Hills Central School District (hereinafter the School District) of the petitioner's bid was not arbitrary or capricious. It is well settled that a municipality may properly set the requirements for bidding in its bid documents and may disqualify a bidder for failure to comply with the bidding requirements (see, *Edenwald Contr. Co. v City of New York,* 86 Misc 2d 711, *affd* 47 AD2d 610). The petitioner's qualifications were not included in the bid package as required by the bidding process and, therefore, the School District's rejection of the bid had a rational basis (see, *Matter of City of Long Beach v Smith of Long Is.,* 158 AD2d 454). Accordingly, the Supreme Court erred in directing that the contract be awarded to the petitioner (see, *Matter of DeBonis v Hudson Val. Community Coll.,* 55 AD2d 778). Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.