■ In the Matter of E.W. TOMPKINS COMPANY, INC., Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [877 NYS2d 743]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 17, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State University of New York rejecting petitioner's bid for performance of work on a public construction project.

In January 2008, respondent State University of New York (hereinafter SUNY) advertised for bids on a project involving the upgrade of the heating and cooling plant at its University at Albany campus. The work included asbestos abatement, demolition of parts of the existing system, installation of new equipment, new piping and extensive electrical work. The bid specifications included a requirement under the heading of "Quality Assurance" that the bidding contractor, among other things, had "completed at least 3 similar projects within the immediate past 5 years involving centrifugal chillers, boiler house controls, HTW generator burner replacement with controls, replacement of large diameter piping (24") over significant distances." The specifications further stated that "[r]eferences must be submitted with the bid documenting the scope of work completed, the contract value, the time frame it was completed under, and the name of the client, and a client representative knowledgeable in the scope of work completed with contact information."

Petitioner submitted its bid for the project on February 5, 2008. After reviewing it, Randall Olocki, SUNY's Associate Director of Architecture, Engineering and Construction Management, sent a letter to petitioner requesting additional information with respect to the three projects that petitioner listed in its bid as evidence that it had the requisite prior work experience, and petitioner timely responded. Thereafter, although petitioner was the lowest bidder on the project, Olocki informed it in writing that the contract had been awarded to another contractor, respondent Postler & Jaeckle Corporation, because the evaluation committee found petitioner's bid and subsequent clarification to be "non-responsive." In that regard, Olocki identified what information was missing in petitioner's bid and stated that SUNY was unable to verify that petitioner had the prior work experience required by the bid specifications. In ad-

dition, Olocki noted that the three projects listed by petitioner in its bid as evidence of this prior work experience had, in fact, been performed by another firm, Albany Specialties, Inc.

In response, petitioner's attorney sent a letter to Olocki informing SUNY, for the first time, that petitioner had merged with Albany Specialties in 2005, and asked that its bid be reconsidered. In the letter, petitioner's attorney provided a detailed description of petitioner's prior work experience—and that of Albany Specialties—and argued that this work history satisfied the requirements as set forth in the bid specifications. SUNY denied the request to reconsider. Petitioner then commenced this CPLR article 78 proceeding seeking to set aside SUNY's determination and to award the contract to petitioner. Supreme Court concluded that SUNY had a reasonable basis to conclude that petitioner's bid was unresponsive and dismissed its petition.

Judicial review of an agency's decision denying or awarding a contract "is limited to ascertaining whether there is a rational basis to support the agency's determination" (*Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen. Servs.*, 248 AD2d 861, 862 [1998]; *see Matter of Stacor Corp. v Egan*, 122 AD2d 480, 481 [1986]), and the burden of proof rests with the party challenging the decision (*see Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen. Servs.*, 248 AD2d at 862). In addition, an agency, when composing bid specifications, may establish requirements—as long as they are rationally based—that set forth criteria for experience and qualifications that must be met for an entity to be an eligible bidder and, it "may disqualify a bidder for failure to comply" with these requirements (*Matter of Majestic Plumbing & Consulting Corp. v Half Hollow Hills Cent. School Dist.*, 282 AD2d 749, 749 [2001]; *see Ajay Glass & Mirror Co. v County of Erie*, 155 AD2d 988, 989 [1989]; *see also Awl Indus., Inc. v Triborough Bridge & Tunnel Auth.*, 41 AD3d 141, 142 [2007]; *Matter of A.I. Smith of Long Is. v City of Long Beach*, 158 AD2d 454, 455 [1990]).

Here, in an effort to establish that it possessed the requisite experience to qualify as an eligible bidder, petitioner listed in its bid submission three recent projects that it claimed it completed in September 2006, March 2006 and October 2007, but failed to provide a description of the "scope of the work completed" for each project. When Olocki requested additional information on the three listed projects, he asked that petitioner "clearly describe how these three projects meet the requirements outlined in [the quality assurance bid specifications], with a particular emphasis on describing any work 'involving centrifugal chillers,

HTW generator burner replacement with controls, and replacement of large diameter piping (24") over significant distances.' " While petitioner's response contained some additional information, including the diameter and linear footage of the piping employed in each of the three projects, it did not include any information indicating that 24-inch diameter piping had, in fact, been installed (all work 20-inch diameter or less). Thereafter, Olocki, by letter, informed petitioner of its decision and outlined the reasons for rejecting petitioner's bid as "non-responsive." Specifically, he found that "when [SUNY] contacted the references [petitioner] listed regarding prior similar projects, none would verify or confirm that *any* centrifugal chillers, HTW generator burner replacement with controls, or 24[-inch] piping over significant distances were part of those projects. Furthermore, of the three projects [petitioner] identified as evidence of [its] qualifications to perform the work under this bid, two were not performed by [petitioner], but rather by another firm, Albany Specialties, Inc."

Petitioner did not indicate in any of its bid documents that it had merged with Albany Specialties or explain why it was entitled in its bid to claim as its own Albany Specialties' prior experience in performing this kind of work. Only after its bid was rejected did petitioner notify SUNY of its connection with Albany Specialties and, even then, provided little, if any detail, as to the work it actually performed on the three listed projects. Thus, on the record before us, SUNY's decision to reject petitioner's bid as nonresponsive had a rational basis.

Next, we reject petitioner's assertion that certain provisions contained in the bid specifications violated relevant competitive bidding statutes. Bid specifications will be upheld if, as written, they constitute a responsible attempt to insure that the successful bidder will provide the best work at the lowest possible price and, at the same time, act to prevent fraud, favoritism or corruption in the letting of public contracts (*see Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996]). Given the complexity of this project and the narrow time table for its completion, the requirement that eligible bidders must have at least five years of relevant experience was not irrational (*see id.*). Moreover, Supreme Court properly found that Education Law § 376—not General Municipal Law § 103 or State Finance Law § 135—governed this bidding process and, thus, SUNY was authorized by statute to "award one contract for all the work to be performed . . . without separate and independent bidding or letting on subdivisions of work to be performed" (Education

Law § 376 [7]). We are also of the view that SUNY had a legitimate reason for requiring bidders to identify any subcontractors that they used in the preparation of their bid or would employ if awarded this contract.

Finally, Supreme Court properly declined to consider new issues raised for the first time by petitioner in its reply that sought to challenge deficiencies that existed in the winning bid submitted by Postler & Jaeckle (*see* CPLR 7804 [d]; *Schissler v Athens Assoc.*, 19 AD3d 979, 980 [2005]; *Matter of Crawmer v Mills*, 239 AD2d 844, 844-845 [1997], *lv dismissed* 90 NY2d 934 [1997], *lv denied* 91 NY2d 804 [1997]).

We have considered petitioner's remaining contentions and find them either unpreserved or unpersuasive.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.