■ In the Matter of GLOBAL TEL*LINK, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [894 NYS2d 580]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 9, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent

Department of Correctional Services denying the award of a contract to petitioner.

Respondent Department of Correctional Services (hereinafter DOCS) issued a request for proposals (hereinafter RFP) for the implementation of a new inmate telephone service system at its correctional facilities. The RFP specifically stated that the contract would be awarded to the qualified bidder providing the "best value," as required by State Finance Law § 163.[1] Respondent Unisys Corporation and petitioner, the incumbent service provider, submitted the first- and second-place bids, respectively. Although petitioner's bid received a slightly higher technical score than that of Unisys, Unisys offered the lowest price per minute and, as a result, its bid earned a higher score overall. After DOCS tentatively awarded the contract to Unisys, petitioner submitted a bid protest to the Office of the State Comptroller (hereinafter OSC) and commenced this CPLR article 78 proceeding challenging DOCS's determination.[2] Following the subsequent contract approval and denial of the bid protest by OSC, Supreme Court dismissed the petition. Petitioner appeals.

"Our review of an agency's decision to award or deny a contract is limited to ascertaining whether there is a rational basis to support the agency's determination," and the burden of proof in this regard rests with the party challenging the contract award (*Matter of Promissor, Inc. v New York State Ins. Dept.*, 307 AD2d 460, 461 [2003] [internal quotation marks and citation omitted]; *see* CPLR 7803 [3]; *Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y.*, 61 AD3d 1248, 1250 [2009], *lv denied* 13 NY3d 701 [2009]; *Awl Indus., Inc. v Triborough Bridge & Tunnel Auth.*, 41 AD3d 141, 142 [2007]; *Matter of Poster v Strough*, 299 AD2d 127, 142 [2002]). Here, the evidence before Supreme Court included, among other things, the RFP, the bid score sheets for both petitioner and Unisys, as well as extensive correspondence related to petitioner's bid protest to OSC. All of these documents adequately establish that the award of the contract to Unisys by DOCS has a rational basis, namely that, although both bidders were technically qualified, Unisys earned a higher overall score than petitioner because Unisys was able to provide the lowest possible cost for telephone services and thereby provided the best value. Although petitioner contends

---

**1.** In determining the best value for inmate telephone services, Correction Law § 623 (1) mandates that "the lowest possible cost to the telephone user shall be emphasized."

**2.** It is noted that, throughout these various proceedings brought on by petitioner, petitioner remained in place as the service provider for the current inmate telephone service, despite the fact that its contract for such has long been expired.

that DOCS's determination cannot be reviewed absent the submission of the entire procurement record (*see* State Finance Law § 163), there is no authority that requires DOCS to produce the entire procurement record in this CPLR article 78 proceeding. Instead, the requirement is for the record to be "sufficiently developed to provide an adequate basis upon which to review" the rationality of the agency's action, which we find the record herein to be (*Matter of Benson v McCaul*, 268 AD2d 756, 757-758 [2000], *lv denied* 94 NY2d 764 [2000]; *see* CPLR 7804 [e]; *Matter of Poster v Strough*, 299 AD2d at 142-143). Based on the foregoing, we agree with Supreme Court that petitioner failed to satisfy its burden of establishing either that DOCS's determination lacks a rational basis or that it abused its discretion in awarding the contract to Unisys.

Further, we find no support in the record for petitioner's remaining contentions, including its claims that Unisys should have been deemed a non-responsive and non-responsible bidder.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

