■ In the Matter of SOLOMON AND SOLOMON, P.C., Respondent, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Appellant. [895 NYS2d 588]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Donohue, J.), entered April 2, 2009 in Albany County, which

partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent requiring certain proof to establish that petitioner's bid for certain collection-related services was responsive.

Respondent sought proposals from entities interested in providing collection services for debts managed by it. The request for proposals specified that "[b]idders must be able to collect on student loans in all states and Puerto Rico, and submit proof of appropriate licensure or registration where required." Petitioner, a law firm that specializes in collection and litigation services, submitted a successful proposal in which it certified that it had obtained the necessary licenses.

Shortly thereafter, respondent directed that all successful bidders submit copies of their debt collection licenses, and petitioner failed to submit licenses for all 50 states and Puerto Rico. When that failure was called to petitioner's attention, it argued that it was exempt from licensing requirements in many jurisdictions due to its status either as a law firm or as a foreign corporation. After several months of discussion, respondent directed petitioner to provide either copies of licenses from the jurisdictions at issue or letters from those jurisdictions stating that petitioner was exempt from any licensing requirement. Respondent warned that if petitioner failed to do so, the contract would be awarded to the next highest ranked bidder. Rather than comply, petitioner commenced this CPLR article 78 proceeding and obtained a temporary restraining order preventing respondent from awarding the contract to another bidder. Supreme Court granted the petition in part and annulled respondent's determination, holding that respondent behaved in an arbitrary and capricious fashion by changing the terms of the request for proposals to require specific proof of licensure or exemption therefrom and, further, by requiring proof of licensure that it knew to be unobtainable. Respondent now appeals.

In order for respondent to enter into a contract with petitioner pursuant to the State Finance Law, the proposal submitted by petitioner had to be responsive, meaning that it met "the minimum specifications or requirements as prescribed in" the request for proposals (State Finance Law § 163 [1] [d]; see State Finance Law § 163 [10]).[1] One such requirement was that petitioner be able to conduct debt collection business in all 50 states and Puerto Rico, and the burden rested upon petitioner to demonstrate that respondent's demand for specific

---

1. Contrary to petitioner's claim, respondent did not find that petitioner was not a responsible bidder (see State Finance Law § 163 [1] [c]; [9] [f]).

proof of compliance with that requirement lacked a rational basis in the record (*see Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y.*, 61 AD3d 1248, 1250 [2009], *lv denied* 13 NY3d 701 [2009]; *Matter of Taub's Carpet & Tile Corp. v Ringler*, 1 AD3d 730, 730 [2003]).

We therefore reject petitioner's claim that respondent departed from the terms of the request for proposals in demanding that petitioner obtain written confirmation from the jurisdictions at issue that it was exempt from their licensing requirements. Petitioner was made aware at the outset that it could be required to "submit proof of appropriate licensure or registration" and that respondent had the right to "request additional information to clarify the proposal" (*see* State Finance Law § 163 [9] [c]). Respondent then stated in a letter to potential bidders that successful bidders would "be required to provide evidence of" licensure. As respondent unambiguously intended to require any successful bidder to demonstrate its ability to collect debts in all 50 states and Puerto Rico, it did not deviate from the terms of the request for proposals by directing petitioner to produce a letter from a jurisdiction stating that petitioner was exempt from licensing requirements.

Nor was it irrational for respondent to award the contract to another entity if proof of licensure was not forthcoming. Petitioner attempted to assuage respondent's concerns as to its ability to collect debts in all 50 states and Puerto Rico by providing statutory and other authority purportedly showing that it was exempt from licensing requirements in a number of jurisdictions. A consultant asked by respondent to examine those claims, however, did not fully endorse them. Likewise, when respondent sought guidance on petitioner's assertions from the jurisdictions themselves, some failed to respond and others opined that petitioner would need a license under some circumstances.[2] Inasmuch as respondent's actions were reasonable given these facts, we conclude that Supreme Court erred in partially granting the petition.

Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted the petition; petition dismissed in its entirety; and, as so modified, affirmed.

---

2. Petitioner claims that respondent unreasonably required proof that it was exempt from licensing requirements in jurisdictions that had already refused to offer an opinion on the issue. Nothing, however, prevented petitioner from applying for a license in those jurisdictions.