# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**968**

**CA 14-00264**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF M.L. CACCAMISE ELECTRIC CORP.,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CITY OF ROCHESTER AND POWER & CONSTRUCTION
GROUP, INC., RESPONDENTS-RESPONDENTS.

---

ERNSTROM & DRESTE, LLP, ROCHESTER (JOHN W. DRESTE OF COUNSEL), FOR
PETITIONER-APPELLANT.

T. ANDREW BROWN, CORPORATION COUNSEL, ROCHESTER (JOHANNA BRENNAN OF
COUNSEL), FOR RESPONDENT-RESPONDENT CITY OF ROCHESTER.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KARL S. ESSLER OF COUNSEL),
FOR RESPONDENT-RESPONDENT POWER & CONSTRUCTION GROUP, INC.

COUCH WHITE, LLP, ALBANY (JOEL M. HOWARD, III, OF COUNSEL), FOR
ASSOCIATED GENERAL CONTRACTORS OF NEW YORK STATE, LLC, AMICUS CURIAE.

-----------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered
January 13, 2014 in a CPLR article 78 proceeding.  The judgment denied
the petition and vacated a temporary restraining order.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner, an electrical contractor, submitted the
low bid for a street lighting project, which required that certain
lights owned by respondent City of Rochester (City) be separated and
isolated from the Rochester Gas & Electric (RG&E) electrical and
distribution system.  After the City rejected petitioner's bid and
awarded the contract to respondent Power & Construction Group, Inc.
(Power), petitioner commenced this CPLR article 78 proceeding seeking
a judgment "[a]nnulling . . . the award" of the contract to Power, and
"[d]irecting the award" of the contract to petitioner "as the lowest
responsive and responsible bidder."  Supreme Court properly denied the
petition.

Contrary to petitioner's contention, the City's rejection of
petitioner's bid was not affected by an error of law, and was not
arbitrary and capricious, or an abuse of discretion.  Section 2.1.1 of
the City's invitation to bid provided that the City's intent was "[t]o

obtain the services of an [RG&E] approved electrical utility contractor with the necessary expertise to isolate/separate the specified City owned Street Lighting facilities from the [RG&E] distribution network as directed by the City." Given the unique nature of the project—notably, the existence of an agreement between the City and RG&E, and the fact that any contractor who was hired for the project would be working on private RG&E property, facilities, and equipment—we conclude that the court properly determined that section 2.1.1 included a valid precondition that did not impede competition and that had a rational relationship to obtaining the best work at the lowest price (*see Matter of P & C Giampilis Constr. Corp. v Diamond*, 210 AD2d 64, 65-66; *see also Le Cesse Bros. Contr. v Town Bd. of Williamson*, 62 AD2d 28, 31, *affd* 46 NY2d 960; *Matter of B. Milligan Contr. v State of New York*, 251 AD2d 1084, 1084). In addition, the record is clear that petitioner's bid was "non-responsive to the specific requirements set forth in [section 2.1.1]" inasmuch as petitioner was not on RG&E's list of approved contractors and did not have the requisite training and experience to work with RG&E's distribution network (*P & C Giampilis Constr. Corp.*, 210 AD2d at 65).

We reject petitioner's further contention that the City's use of RG&E's list of approved contractors was essentially a pretext for the City to avoid its purported obligations under General Municipal Law § 103 (15) to consider certain factors in compiling a list of "qualified bidders." The City did not maintain a list of "qualified bidders," as that term is used in the statute, for its public works projects, and was under no obligation to do so (*id.*).

Entered: October 3, 2014                                    Frances E. Cafarell
                                                            Clerk of the Court