*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                518916
_____

In the Matter of JOHNSON
    ELECTRICAL CONSTRUCTION
    CORPORATION et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    TRANSPORTATION et al.,
                    Respondents.
_____

Calendar Date:   November 19, 2014

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        Peckar & Abramson, PC, New York City (Paul G. Monte of
counsel) and Murtagh Cohen & Byrne, Rockville Centre (Edward T.
Byrne of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for New York State Department of Transportation,
respondent.

        Pinks, Arbeit & Nemeth, Hauppauge (Robert S. Arbeit of
counsel), for Hinck Electrical Contractors, Inc., respondent.

                    _____


Rose, J.

        Appeal from a judgment of the Supreme Court (Connolly, J.),
entered January 6, 2014 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review two determinations of respondent Department
of Transportation denying petitioners' objections to the awarding
of certain contracts to respondent Hinck Electrical Contractor,

Inc.

Respondent Department of Transportation (hereinafter DOT) issued an invitation for bids (hereinafter IFB) for the maintenance of two computerized traffic management system projects. In response to the IFB, petitioner Johnson Electrical Construction Corporation, petitioner Welsbach Electrical Corporation of L.I. and respondent Hinck Electrical Contractor, Inc. each submitted bids. Upon learning that Hinck was the apparent low bidder for both projects, petitioners each filed formal objections with DOT, claiming, among other things, that Hinck's bid should be rejected because it lacked key personnel on its staff meeting the qualifications and requirements of the IFB and could not obtain them without poaching petitioners' employees. DOT denied the objections, and the determinations were upheld upon administrative appeal. Petitioners then commenced this CPLR article 78 proceeding seeking to enjoin DOT from entering into a contract with Hinck for the subject projects, reverse the administrative determinations and award the contracts to petitioners. Supreme Court found, among other things, that petitioners failed to demonstrate that the IFB requires a bidder's proposed staffing plan to consist of current employees, and dismissed the petition. This appeal ensued.

The only issue properly before us is petitioners' contention that Hinck failed to meet the IFB requirements to the extent that, at the time it submitted its staffing plan to DOT, it did not yet employ the specialized and certified field crew described in the redacted resumes included with the plan. In reviewing an administrative determination, we will not substitute our own judgment for that of the administrative agency, but must instead determine "whether it is erroneous or arbitrary and capricious and, thus, without a rational basis" (Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation, 42 AD3d 857, 861 [2007] [internal quotation marks and citation omitted]; see Matter of Allen Group [Allen Testproducts Div.] v Adduci, 123 AD2d 91, 95 [1987], lv denied 69 NY2d 610 [1987]). The burden of proof in this regard rests with petitioners (see Matter of Global Tel*Link v State of N.Y. Dept. of Correctional Servs., 70 AD3d 1157, 1158 [2010]; Matter of Interstate Indus. Corp. v Murphy, 1 AD3d 751, 752 [2003]). Here,

a review of the IFB reveals no requirement that the proposed key personnel be current employees of the low bidder at the time the staffing plan is submitted.  Nor has DOT had such a requirement in the past, according to its Director of Purchasing.  We must, therefore, agree with Supreme Court that petitioners failed to satisfy their burden of establishing that DOT's interpretation of the IFB was irrational or unreasonable.

Although petitioners raise additional challenges to the validity of Hinck's bid and the propriety of DOT's acceptance thereof, these issues are either raised for the first time on appeal or in a reply affidavit and not in the petition itself.  Accordingly, such issues are not properly before us and we decline to consider them (see Matter of LaBarbera v Town of Woodstock, 55 AD3d 1093, 1094 [2008]; Matter of University Hgts. Nursing Home v Chassin, 245 AD2d 776, 778-779 [1997]).

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court