## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 18, 2015                    519571
_____

BENJAMIN STROUSE,
                    Appellant,

          v                              MEMORANDUM AND ORDER

TOWN OF AUSTERLITZ,
                    Respondent.
_____

Calendar Date:  May 1, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Benjamin Strouse, Austerlitz, appellant pro se.

        Tal Rappleyea, Valatie, for respondent.

                        _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Nichols, J.), entered December 13, 2013 in Columbia County, which, among other things, granted defendant's cross motion to dismiss the complaint.

        In 2008, defendant adopted various resolutions pursuant to Town Law §§ 200 and 202 authorizing substantial improvements to portions of Harrington Drive and Partridge Drive in the Town of Austerlitz, Columbia County and creating a special assessment district to fund such improvements.  Plaintiff is the owner of three parcels of land located within a particular subdivision in the Town, including a landlocked and unimproved piece of property identified on the relevant tax map as Lot 28.  Although Lot 28 does not front or abut either Harrington Drive or Partridge Drive, the tax map reflects that this parcel is subject to an existing — albeit apparently undeveloped — right-of-way that provides Lot 28 with legal access to Harrington Drive.  For this

reason, defendant included Lot 28 in the list of parcels benefitted by the planned improvements and subject to the special assessment.

According to plaintiff, although he "unwittingly" paid the first property tax bill that he received containing the $3,700 special assessment, it was not until he received his 2010 property tax bill in December 2009 that he first learned of the special assessment. Plaintiff's informal efforts to persuade defendant to remove Lot 28 from the special assessment district proved to be unsuccessful, prompting him to commence this action in September 2011 seeking similar relief. Defendant answered and raised various affirmative defenses, including lack of subject matter jurisdiction and the statute of limitations. Plaintiff thereafter moved to compel certain discovery, and defendant cross-moved to dismiss the complaint. Supreme Court, among other things, granted defendant's cross motion, prompting this appeal.

Plaintiff primarily contends that Supreme Court erred in failing to address his due process and equal protection claims i.e., that defendant failed to provide him with adequate notice relative to the creation of the special assessment district and the corresponding assessment imposed thereunder and, further, selectively included Lot 28 within such district. Plaintiff's constitutional claims, however, were raised for the first time in his reply affidavit. Accordingly, these issues are not properly before us (see Matter of Johnson Elec. Constr. Corp. v New York State Dept. of Transp., 124 AD3d 1199, 1200 [2015]; Jackson v Vatter, 121 AD3d 1588, 1589 [2014]; 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1136 n 2 [2014]; Schissler v Athens Assoc., 19 AD3d 979, 980 [2005]).

To the extent that plaintiff contends that Supreme Court otherwise erred in granting defendant's cross motion to dismiss, we disagree. "Special assessments enjoy a presumption of validity . . . requiring [the petitioning property owner] to show by affirmative proof that [he or she has] not benefited from the improvement or that it is nonassessable in the first instance" (Matter of Batti v Town of Austerlitz, 71 AD3d 1260, 1261 [2010] [internal quotation marks and citation omitted]). Here, although the parties debate whether Lot 28 was properly included in the

special assessment district in the first instance, the merits of their respective arguments need not detain us.  Plaintiff's recourse in this regard was to timely commence a CPLR article 78 proceeding to challenge the creation of the special assessment district and/or the imposition of the assessment itself.  This action — commenced in 2011 to challenge resolutions adopted by defendant in 2008 — is neither timely (see CPLR 217 [1]) nor in the proper form.  Accordingly, defendant's cross motion to dismiss the complaint was properly granted.

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court