*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    520177
_____

In the Matter of WEAVER'S
    SANITATION,
                        Appellant,

        v

VILLAGE OF CHERRY VALLEY et al.,        MEMORANDUM AND ORDER
                        Respondents,
                        et al.,
                        Respondent.
_____

Calendar Date:  April 27, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____

        The Ayers Law Firm PLLC, Palatine Bridge (Meghan M. Manion
of counsel), for appellant.

        Dennis B. Laughlin, Oneonta, for Village of Cherry Valley
and another, respondents.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Coccoma, J.),
entered July 16, 2014 in Otsego County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to nullify a determination of respondent Cherry
Valley Village Board of Trustees rejecting petitioner's bid for
performance of refuse removal on a public work project.

        In February 2014, respondent Village of Cherry Valley and
respondent Cherry Valley Village Board of Trustees (hereinafter
collectively referred to as respondents) sought bids for "Refuse,
Recycling Removal" in the Village for a period of one year

beginning on June 1, 2014.  Pursuant to the bid notice, respondents requested bids for "door-to-door (curbside) pickup at least once a week for regular garbage; at least once a month for recyclables and larger items — on a specified day."[1]  In response, petitioner submitted a bid "in the amount of [$]49,500 for the year."  At its March 2014 meeting, the Village Board reviewed the three bids that were submitted, rejected petitioner's bid as incomplete, and awarded the contract to the highest bidder.  Petitioner commenced this proceeding to challenge the award, and Supreme Court dismissed the petition, prompting this appeal.  We affirm.

Generally, a municipality is required to award contracts for public work to the lowest responsible bidder (see General Municipal Law § 103; Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 142 [2011]).  The political subdivision retains the discretion to reject any or all bids, and such "discretionary decision ought not to be disturbed by the courts unless irrational, dishonest, or otherwise unlawful" (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 148-149 [1985]).  As the rejected bidder, petitioner bore the burden of demonstrating that the Village Board's determination to reject its bid was irrational (see Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y., 61 AD3d 1248, 1250 [2009], lv denied 13 NY3d 701 [2009]; Matter of Adelaide Envtl. Health Assoc. v New York State Off. of Gen. Servs., 248 AD2d 861, 862 [1998]).

Here, the record indicates that respondents sought bids for a contractor to remove refuse on at least a weekly basis and to remove recyclables on at least a monthly basis.  Review of the minutes taken at the March 2014 meeting of the Village Board confirms that three bids were submitted and petitioner's was the only bid that did not distinguish between the two services nor

---

[1]  The actual bid specifications are not part of the record before the Court.

did it specify how frequently the services would be provided.[2] In contrast, the bid that was selected provided for weekly pickup of refuse and recyclables, while the other rejected bid provided for weekly refuse and monthly recyclable pickup. Although petitioner claims that it was the incumbent provider and that it had been selected in the past after submitting a similar or identical lump-sum bid, no bidder "has a vested property interest in a public work[] contract" (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d at 148-149). Further, a municipality is authorized to reject a low bid if it determines that the bidder did not comply with the bid specifications (see Matter of M.L. Caccamise Elec. Corp. v City of Rochester, 121 AD3d 1559, 1559-1560 [2014], lv denied 24 NY3d 912 [2015]; Matter of K & M Turf Maintenance [Gallo], 166 AD2d 445, 447 [1990]). Here, petitioner's response, at best, provided services at the minimum requested by respondents. Because we are unable to conclude that the Village Board's determination to choose the more detailed bid that provided for more frequent pick-up of recyclable materials was irrational, we find that Supreme Court properly dismissed the petition (see Matter of Promissor, Inc. v New York State Ins. Dept., 307 AD2d 460, 462 [2003]; Matter of Donson Transp. Servs. v County of Broome, 257 AD2d 825, 826-827 [1999]; Matter of K & M Turf Maintenance [Gallo], 166 AD2d at 447).

We have considered petitioner's remaining contentions and find them to be without merit.

McCarthy, J.P., Devine and Clark, JJ., concur.

---

[2] Respondents' allegation in their answer that they were not aware what petitioner's bid was actually submitted for is belied by the record.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court