■ In the Matter of FRAMAN MECHANICAL, INC., Appellant, v STATE UNIVERSITY CONSTRUCTION FUND, Respondent. [58 NYS3d 676]—

Lynch, J. Appeal from a judgment of the Supreme Court (Hard, J.), entered June 1, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent rejecting petitioner's bid for performance on a public work project.

In November 2015, respondent sought bids for heating, ventilation and air conditioning (hereinafter HVAC) upgrades at the Health Sciences building located at the State University

---

of New York (hereinafter SUNY) Downstate Medical Campus (hereinafter the project). As is relevant here, in December 2015, respondent issued an addendum to the request for bids that required bidders to "demonstrate, to the satisfaction of [respondent], that it has successfully completed one (1) contract of similar size, scope and complexity to this contract within the last five (5) years." The addendum defined similar work as "the installation of chillers, air handling units and other HVAC equipment that served occupied spaces where control of temperature and ventilation was critical for the functioning of the spaces . . . and where careful coordination occurred with the owner, construction manager and/or commissioning agent to prevent disruption to the occupants." In January 2016, petitioner submitted a bid that identified certain work, completed in 2015 at the Life Sciences Building at SUNY Stony Brook, as a similar project (hereinafter prior project). Petitioner submitted the low bid on the project.

In February 2016, respondent wrote to petitioner to advise that the prior project did not "satisfy the requirements for size, scope and complexity" as defined in the request for bids and its addendum. Respondent offered petitioner the opportunity to submit a different project. In response, petitioner provided a detailed explanation to support its position that the prior project did, in fact, comply with the requirements of the request for bids. In March 2016, respondent wrote petitioner to advise that, after a review of the bid materials and petitioner's subsequent explanation with regard to the prior project, it had determined "that [petitioner would] not be able to successfully complete the [project] and that [petitioner's] [b]id [p]roposal was not responsive to the [request for bids]" because petitioner failed to meet "the pre-award requirement of providing [respondent] with a similarly successfully completed contract, since [petitioner's] work on [the prior project] was not successfully completed and demonstrates a clear inability of [petitioner] to meet the contract requirements for the [p]roject." Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination to reject its low bid. Supreme Court dismissed the petition and petitioner now appeals.

Contracts for public work must be awarded to "the lowest responsible bidder" (*Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast*, 17 NY3d 136, 142 [2011]; *see* Education Law § 376 [8] [b]). Judicial review of an agency's decision denying or awarding a contract "is limited to ascertaining whether there is a rational basis to support the agency's

determination" (*Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y.*, 61 AD3d 1248, 1250 [2009], *lv denied* 13 NY3d 701 [2009]). In this proceeding, petitioner, "[a]s the rejected bidder, . . . bore the burden of demonstrating that [respondent's] determination to reject its bid was irrational" (*Matter of Weaver's Sanitation v Village of Cherry Val.*, 129 AD3d 1376, 1377 [2015]).

Here, respondent rejected petitioner's bid as not responsive because it determined that the prior project was not a "similar successfully completed project." In particular, respondent advised that petitioner's work on the prior project "reveal[ed] a pattern of violation of contract requirements" including "(1) [f]ailure to complete the [prior] project on time; (2) [f]ailure to complete project work, requiring [respondent] to hire contractors to complete the work; (3) [r]epeated failures to follow directions from [respondent] and its consultant; (4) [f]lagrant safety violations; (5) [c]onsiderable disruption to building occupants, including numerous building evacuations and building service outages; (6) [f]ailure to keep the project site clean; (7) [f]ailure to comply with permit requirements resulting in permit revocation and stop work orders being issued[;] and (8) [p]roperty damage to the project and campus." In support of its petition, petitioner submitted an affidavit by its president, Frank Manginelli. According to Manginelli, the alleged pattern cited by respondent was fabricated, and petitioner's bid was actually rejected because petitioner had commenced a breach of contract action to recover substantial money for work performed on the prior project. Manginelli acknowledged that the prior project was not completed on time, that respondent's architect had presented a "notice to cure" identifying contract items that petitioner did not complete, that there was some property damage and that there were disruptions on the prior project, but he provided alternative explanations, denied any responsibility and otherwise denied knowledge of the remaining cited failures.

In response to the petition, respondent submitted an affidavit by Christopher Marcella, who was responsible for supervising and managing respondent's procurement of construction contracts. According to Marcella, the project involved upgrades to existing equipment that maintains temperature and humidity controls in laboratory spaces that were, by the nature of their use, sensitive to disruption. Marcella explained that the project was "complicated," had to be completed in phases, and the building, which would require continuous cleaning in light of its use as an active laboratory and animal research facility,

would have to remain occupied throughout the project. The record confirms that respondent agreed to reconsider its initial determination that the prior project was not similar. Marcella detailed the reasons why, upon reconsideration, it concluded that the prior project was not successfully completed. In particular, and with reference to contemporaneous project meeting notes and correspondence, Marcella cited a number of deficiencies and disagreements with regard to the scope of the contract work, petitioner's compliance with the terms of the contract, petitioner's failure to complete the work requiring respondent to hire additional contractors at a cost of $264,336, property damage resulting from petitioner's failure to safely secure the work site and disruptions caused by improper supervision and performance of contract work.

We find that Supreme Court properly determined that respondent had a rational basis to reject petitioner's bid. Contrary to petitioner's argument, the contractor's experience on similar construction projects was express and properly included criteria in the request for bids (*Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y.*, 61 AD3d at 1250) and, a petitioner's poor service under a prior contract provides a rational basis to reject a bid (*see Matter of Callanan Indus. v City of Schenectady*, 116 AD2d 883, 884 [1986]; *Baroudi v New York State Dept. of Envtl. Conservation*, 55 AD2d 998, 999 [1977], *lv denied* 41 NY2d 806 [1977]). We recognize that petitioner disputes respondent's view of its performance on the prior project. Further, although there is pending litigation stemming from the prior project, we do not agree that this is evidence that respondent's determination to reject petitioner's bid was retaliatory. Rather, it supports respondent's view that the prior project was not successfully completed. This conclusion may be made without resolution of the merits of either party's claims with regard to which party caused the myriad problems that arose the last time that petitioner contracted with respondent. In our view, the record is developed enough to review the asserted basis for respondent's determination (*see Matter of Global Tel\*Link v State of N.Y. Dept. of Correctional Servs.*, 70 AD3d 1157, 1159 [2010]) and, under the circumstances, we find that it was rational (*see Matter of Franbilt, Inc. v New York State Thruway Auth.*, 282 AD2d 963, 965 [2001], *lv denied* 97 NY2d 602 [2001]; *Matter of Callanan Indus. v City of Schenectady*, 116 AD2d at 884; *Matter of Lauvas v Town of Bovina*, 86 AD2d 694, 695 [1982]).

Finally, we are not persuaded by petitioner's claim that it was denied due process. Petitioner was given written notice of

the reasons why its bid was rejected and an opportunity to provide additional information to permit reconsideration. Petitioner availed itself of the opportunity, reconsideration was given, but respondent again determined to reject the bid for what it perceived to be poor performance on the prior project. Petitioner was allowed to challenge respondent's determination and to seek review through this proceeding. In our view, petitioner received the process that it was due (*see Matter of Interstate Indus. Corp. v Murphy*, 1 AD3d 751, 753 [2003]; *Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, 443-444 [1986], *lv denied* 68 NY2d 610 [1986]).

Garry, J.P., Egan Jr., Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.